## The State v. Boyle.

1. **Criminal law: MURDER: INDICTMENT.** An indictment for murder in the first degree must charge the killing to have been deliberate as well as willful and premeditated. An indictment which charged the killing to have been "willful, felonious, premeditated, and with malice aforethought," was held insufficient as an indictment for murder in the first degree, neither of these words being regarded as equivalent to the word "deliberate."

2. —— The special meaning attached to these words, and the distinctions existing between them, pointed out by BECK, J.

3. —— CONVICTION UNDER INSUFFICIENT INDICTMENT. Where a person is prosecuted for an offense of a higher degree than he could be legally convicted of under the indictment, he cannot be legally convicted of a lesser grade of the offense, though the indictment is good as charging the offense in that degree. It was accordingly *held* in the present case, the defendant having been put upon his trial for murder in the first degree, for which the indictment was insufficient, that his conviction for murder in the second degree, for which the indictment was good, was unauthorized. Following *The State* v. *Tweedy*, 11 Iowa, 350. WILLIAMS, J., *dissenting.*

*Appeal from General Term, Eighth District (Cedar County).*

MONDAY, APRIL 25.

THE defendant was indicted for the murder of his mother, Mary Boyle, on the 8th day of June, 1869, and, upon trial at the December term, 1869, of the District Court of Cedar county, was convicted of murder in the second degree, and sentenced to confinement in the penitentiary for the term of his natural life. Upon appeal to the General Term the judgment of the District Court was affirmed. The defendant now appeals to this court.

*Cook & Drury* and *Piatt & Carr* for the appellant.

*H. O'Connor*, Attorney-General, for the State.

BECK, J. — The indictment charges that the killing was " willful, felonious, premeditated and with malice aforethought."

The court instructed the jury that the indictment sufficiently charged defendant with the crime of murder in the first degree, and that he could be convicted thereon of that crime; that the omission in the indictment of the word " deliberate," in describing the killing, is immaterial, as its meaning is substantially the same as the word " premeditated," which is used. The prisoner's counsel asked an instruction to the effect, that, because of the omission of that word, the indictment does not charge the prisoner with the crime of murder in the first degree, and that the jury could not find a verdict of guilty of that crime. This instruction was refused. Upon the giving and refusal, respectively, of these instructions is based the first ground of error assigned by the prisoner. We will briefly consider it.

Section 4192 of the Revision is in the following words: " All murder which is perpetrated by means of poison or lying in wait, or any other kind of willful, deliberate and premeditated killing, or which is committed in the perpetration or attempt to perpetrate any arson, rape, robbery, mayhem, or burglary, is murder of the first degree and shall be punished with death." This section is copied from the Pennsylvania act of April 22, 1794. Many other States have enacted the identical provision. We are not without precedents to direct us in its construction.

Our attention will be directed to the simple inquiry whether the crime contemplated in the statute cited, viz.: murder in the first degree, may be sufficiently charged without the word " deliberate," and whether the indictment in this case, by the use of other words of equal force, supplies the omission of that word.

Under our statute murder in the first degree is a *will-*

*ful, deliberate* and *premeditated* killing. The first of these words used, describing the crime, "willful," implies that the act was *willed* by the perpetrator, of purpose, with the intent that the life of the party killed should be destroyed. See Wharton on Homicide, 365, and authorities cited.

By the use of the word "deliberate" in describing the crime, the idea is conveyed that the perpetrator weighs the motives for the act and its consequences, the nature of the crime, or other things connected with his intentions, with a view to a decision thereon ; that he carefully considers all these, and that the act is not suddenly committed. It implies that the perpetrator must be capable of the exercise of such mental powers as are called into use by deliberation and the consideration and weighing of motives and consequences. Hence, if the mind be not in a condition to deliberate from intoxication or from any other cause, the offense would be murder in the second degree. It becomes necessary, therefore, to determine the state of mind of the accused in order to pronounce him guilty of murder in the first degree. *Pirtle* v. *The State*, 9 Humph. 663 ; *Haile* v. *The State*, 11 id. 154. See Wharton on Homicide. 369, *et seq.*, and authorities cited.

The word "*premeditated*" implies that the act is done in pursuance of a prior intention — a predetermination.

We observe that these three words convey distinct and independent ideas, and that neither of the others can convey the meaning and force of the word "deliberate" omitted in the indictment.

We will next inquire whether the words "*felonious*" and "*malice aforethought*," which are used to describe the crime, supply the idea expressed by the omitted word.

In its legal sense, malice expresses the idea of a wrongful act, done intentionally or without sufficient cause or excuse. When it is qualified by the word "*aforethought*"

it implies that the act was so done upon a previous determination. The word "felonious," when used in an indictment, means that the act was done with the intent to commit the crime, that is, the act was done with the design on the part of the perpetrator to commit the felony with which he is charged.

We find that, by the omission of the word "*deliberate*" — no other word or phrase being used capable of conveying the same idea — the indictment fails to describe the crime of murder in the first degree. It ought to be stated that the indictment does not attempt to charge that the killing was by means of poison, lying in wait, or in the perpetration or attempt to perpetrate any of the felonies mentioned in the section defining the crime.

The indictment being thus defective, while the prisoner could have been tried thereon for the lower degree of homicide, he could not have been for murder in the first degree. *Fouts* v. *The State*, 4 Greene, 500; *The State* v. *McCormick*, 27 Iowa, 402. It follows, that the rulings of the court upon the questions raised in the instructions above stated are erroneous, and that the prisoner ought not to have been put upon his trial before the jury for murder in the first degree. The jury should have been instructed that they could not find him guilty of that crime upon the indictment.

II. It is argued, that while the ruling of the court was erroneous, yet, as the prisoner was acquitted of murder in the first degree and convicted of the lower crime — murder in the second degree, which was sufficiently charged in the indictment — it is without prejudice.

3. —— conviction under insufficient indictment.

In the *State* v. *Tweedy*, 11 Iowa, 350, the prisoner was convicted of manslaughter upon an indictment for murder in the second degree. Upon appeal to this court the cause was reversed and remanded. He was again put

upon his trial for murder in the second degree, and was again convicted of manslaughter. It was held that there was error in trying him the second time for murder in the second degree, of which he had been acquitted on the first trial, and that the court would not presume that he was not prejudiced thereby. In that case the prisoner was acquitted of a crime for which he was erroneously tried, and convicted of an offense of a lower degree for which he was properly put upon his trial. In this case the identical results appear, with the difference, only, that in the *State* v. *Tweedy* it is held that the prisoner was erroneously tried for the higher offense, because he had before been acquitted of the same crime; while, in this case, we hold the trial for the higher offense is erroneous, because the indictment does not sufficiently charge the crime. In each case the identical error is found, viz. : the prosecution of the accused for a higher offense than he could be convicted of upon the indictment. The cases are not distinguishable on principle. Therefore, upon the authority of *The State* v. *Tweedy*, we hold that it does not appear that the error found in the record was without prejudice to the prisoner.

As our ruling upon this point is decisive of this case, it is unnecessary to consider the other errors assigned by the prisoner's counsel.

The judgment of the District Court must therefore be reversed and the cause remanded for a new trial.

Reversed.

WILLIAMS, J., dissenting as to the last point ruled in the opinion.