## THE STATE v. KNOUSE.

**1. Criminal law:** MURDER: INDICTMENT. *The State* v. *McCormick*, 27 Iowa, 402, holding that to constitute a good indictment for murder in the first degree it must be charged not only that the assault, but that the *killing*, was willful, deliberate and premeditated, followed.

**2.** —— *The State* v. *Boyle*, 28 Iowa, 522, holding that it is prejudicial error to put the defendant on trial for murder in the first degree under an indictment that is only good for murder in the second degree, though he be convicted for only the lesser offense. followed

*Appeal from Ringgold District Court.*

FRIDAY, JUNE 17.

THE indictment charges the defendant of the crime of murder, and avers that said defendant, on, etc., "in and upon the body of one Daniel Griffith, willfully, deliberately, premeditatedly, feloneously and of malice aforethought,

did make an assault, with a certain gun, which the defendant then and there held in his hands, which said gun was then and there charged with gunpowder and leaden balls, and the said defendant did then and there willfully, deliberately, premeditatedly, feloniously and of his malice aforethought, shoot off and discharge said gun at and against the said Daniel Griffith, then and there inflicting, by means of the balls aforesaid, then and there shot out of the gun aforesaid, one mortal wound upon the body of the said Daniel Griffith, of which wound he immediately died. So the jurors find, and present that said Knouse, in the manner and by the means herein set forth, did, etc., against, etc., (ending with the usual averment).

The defendant was put upon his trial (having pleaded not guilty), was convicted of murder in the second degree, and sentenced to the penitentiary, for life. The court instructed the jury that under this indictment defendant could be found guilty of murder in the first degree. To reverse this conviction defendant prosecutes this appeal.

*Nourse & Kauffman* and *McConn & Hull*, for the appellant.

*H. O'Connor*, Attorney-General, for the State.

WRIGHT, J.—This indictment is in every essential respect like that against McCormick (27 Iowa, 402). In this, as in that, it is not alleged that the *killing was willful, deliberate and premeditated.* This was necessary, aside from the exceptional cases mentioned in the statute— as when the killing is by poison, or lying in wait, or the like—to constitute murder in the first degree. This being so, it was, upon the authority of *The State* v. *Boyle,* 28 Iowa, 522, and cases therein cited, prejudicial error, to put the prisoner upon his trial for an offense not charged,

though he was only convicted for the lesser or the one described in the indictment.

The grounds upon which this conclusion is based have been so recently and fully presented as to render it unnecessary to do more than thus refer to the cases which lead to the resolution that this judgment must be reversed and remanded.

Reversed.