The State v. McNally.

---

THE STATE v. McNALLY.

1. **Criminal law: MURDER: INDICTMENT.** It is prejudicial error to put the defendant on trial for murder in the first degree under an indictment that is only good for murder in the second degree, though he be convicted for the lesser offense only. *The State* v. *Boyle*, 28 Iowa 522, and *The State* v. *Krouse*, 29 id. 118, followed.

*Appeal from Washington District Court.*

FRIDAY, DECEMBER 8.

INDICTMENT and conviction for murder. Defendant appeals. The facts necessary to an understanding of the case appear in the opinion.

*McJunkin & Henderson* for the appellant.

*Henry O' Conner*, Attorney-General, for the State.

MILLER, J.—The appellant was put upon trial and tried for murder in the *first* degree, upon an indictment which only charged him with murder in the *second* degree. The conviction was for murder in the second degree.

In the case of *The State* v. *Tweedy*, 11 Iowa, 350, the defendant was tried for murder in the second degree and convicted of manslaughter. On appeal to this court the judgment was reversed. The defendant was again tried for murder in the second degree and convicted of manslaughter. And it was held that the first conviction for manslaughter was an acquittal on the charge of murder in the second degree, that the court below erred in again putting the defendant on trial for murder, and that such error was prejudicial to the defendant although he was convicted of manslaughter only. The principal involved in the decision is, that although the defendant be convicted of an offense of which he is legally charged, and for which he may be legally tried, yet, if he be in fact tried for a higher offense, the conviction is erroneous to his prejudice.

In the case of *The State* v. *Boyle*, 28 Iowa, 522, the defendant was indicted for murder in the *second* degree, and convicted of the crime as charged. He was, however, put on trial as for murder in the *first* degree, and tried on the theory that the indictment legally charged the higher crime. On appeal to this court it was held, on the au-

thority of *The State* v. *Tweedy*, that it was error to try the defendant for murder in the first degree, on an indictment charging him with murder in the second degree, although the conviction was for the crime legally charged. So, also, in *The State* v. *Krouse*, 29 Iowa, 118, upon the same facts it was decided to be prejudicial error to put a defendant on trial for an offense of a higher degree than that charged in the indictment, though the conviction be for the offense properly charged.

Were this question now for the first time before this court, some of us would, perhaps, reach a different conclusion from that arrived at in the cases cited; yet, in view of the repeated determination of the question, as at first decided in *The State* v. *Tweedy, supra,* we unite in adhering to the rule there established. Stability and certainty in the law and its administration are often more important than logical accuracy, and, when a rule has been established and followed by repeated adjudications, it ought not to be changed unless upon the most weighty considerations. No such considerations are found in this case.

The court therefore erred in putting the defendant on trial for murder in the first degree, upon an indictment charging him with murder in the second degree, although the conviction was for the latter. For this error the judgment will be reversed and a new trial ordered.

Reversed.