## THE STATE v. PRATT.

1. **Evidence**: BASTARDY: PREJUDICE. In a bastardy proceeding defendant offered to prove that plaintiff had declared to another her purpose of returning to his house that she might become the mother of a child, and it was in evidence that she did return with his consent: *Held*, that he was not prejudiced by a refusal to admit the testimony.

2. ———: ———. Where the lewdness of plaintiff was sufficiently established by admitted evidence, there was no error in the rejection of other evidence tending to the same result.

3. ———: ———. Notwithstanding the doubt which might be raised as to the paternity of the child by plaintiff's connexion with other men at about the time it was begotten, yet other facts may be introduced sufficient to satisfy the jury of defendant's liability.

4. **Bastardy**: ACTION. It is not error to instruct the jury that the object of a bastardy proceeding is to protect the county from the expense of supporting an illegitimate child.

*Appeal from Blackhawk District Court.*

WEDNESDAY, JUNE 16.

THIS is a bastardy proceeding to charge defendant with the support of an illegitimate child, of which he is alleged to be the father. There was a verdict of guilty, and judgment rendered thereon. Defendant appeals.

*Miller & Preston*, for appellant.

*M. E. Cutts, Attorney General*, for the State.

BECK, J.—The defendant's counsel insist that, upon several grounds, the judgment ought to be reversed. We will notice the objections relied upon in the order of their presentation by counsel.

I. It is first urged that the verdict wants the support of the evidence. The evidence is conflicting and is lacking that preponderance in favor of plaintiff which would give entire satisfaction to our minds with the verdict. Indeed, we may say that some of us would, were we charged with the duty of deciding the case upon the evidence, reach a conclusion differ-

ent from that announced in the verdict of the jury. But we are unable to say that the verdict is so in want of support from the proof that we are warranted in concluding that it was the result of passion or prejudice. The jury had the witnesses before them, and doubtless were materially aided by their appearance and manner, in reaching a conclusion. We are deprived of these most efficient tests of credibility of witnesses. It may be that, had we these advantages for weighing the evidence, we would not differ, as we do, from the jury's conclusion.

II. The defendant was an unmarried man engaged in farming. The mother of the child lived with him for several months. His family at this time was composed of one or two other men; she was the only woman in it. She was absent from his house for a time, and, before returning, informed another woman that she had gone to defendant's in order to become the mother of a child, that she might recover its support from defendant. Defendant offered to prove that information was given him of these declarations of the woman. The court, we think, rightly refused to admit the evidence. Defendant does not deny that he had intercourse with the woman before these declarations were made. We are unable to see their pertinence. Certainly, if pertinent, they would be of more prejudice than benefit to defendant. After being advised of her intention, he would have refused to admit her to his house, had he intended to keep himself out of harm's way. It is insisted that prudence would have dictated that he abstain from intercourse with her after she had made these threats, and that the evidence ought to have been received to show that, being forewarned, he must be presumed to have exercised such prudence. But prudence would have required him to have kept her from his house. He would, in this view, have been prejudiced by the evidence. There was no error of which he can complain in excluding it.

*1. EVIDENCE: bastardy.*

III. Certain evidence, tending to show the lewdness of the woman, was excluded. It is insisted that this evidence was relevant for the purpose of impeaching her, as she had testified that, during a certain time while she

*2. ————: bastardy.*

resided with defendant she had intercourse with no other man. The woman's own testimony shows a greater want of modesty and virtue than the excluded evidence could possibly show. She states that she lived for months in a family of three or four young men, without the presence of children or another woman, and during all this time was co-habiting with defendant. The indecent acts proposed in proof could have added nothing to the force of this evidence of her wantonness and entire abandonment of virtue. There was no prejudicial error in excluding the evidence. It was but cumulative when nothing more was needed to establish the fact insisted upon by defendant.

IV. Verbal criticisms are made upon these instructions, the first, sixth and seventh, given to the jury, wherein it is attempted to be shown that they mean what the court evidently did not intend. In this way it is insisted that they had a prejudicial influence against defendant. The meaning of the instructions is obvious, and could not have been misunderstood by the jury. The point demands no farther attention.

V. The court directed the jury, if they found that at or about the time the child was begotten, the woman had intercourse with other men, such fact should be considered by them, and given such weight as in their judgment it was entitled to receive. Another is to the effect that, notwithstanding such evidence, the jury may, upon the whole evidence, find defendant guilty if they are brought to believe thereby that he is the father of the child. These instructions are made the foundation of objections on the ground that, if the jury found the fact of connection with other men, they could not have found defendant to be the father of the child. It may be that this fact would tend to render the conclusion of defendant's guilt less certain and cast a doubt upon the paternity of the child. But other facts would be competent to satisfy the jury that, notwithstanding the doubt raised by the woman's connection with other men, the defendant is the father of the child. Defendant's view of the law would, in such cases, effectually preclude any one being charged with the support of a bastard, who would be

regarded, indeed, in proceedings of this character, as *nullius filius*, in the literal meaning of the term.

· VI. The jury were informed in an instruction that the object of the action was to protect the county from the expense of keeping an illegitimate child. It is insisted that this instruction was calculated to prejudice the jury against defendant's rights. That the instruction is correct is not denied. We are incapable of surmising any possible prejudice which might result to defendant by the court correctly informing the jury of the object and character of the action. Indeed, it appears to us, that to the end the jury might intelligently and justly discharge their duty, the information imparted to them by the instruction was properly given. It is certainly not in accord with the spirit of the law to conceal from juries matters which pertain to the rights and liabilities of the parties to actions wherein they are required to render verdicts. The instruction informed the jury that the action was not a criminal proceeding. This information certainly was correctly given them.

· The foregoing discussion disposes of all questions raised in the case. We find no error in it.

AFFIRMED.