PRATT v. NITZ.

1. **Parent and Child:** CUSTODY OF CHILD: Where, upon the application of the father of an illegitimate child for the custody thereof, it appeared that his moral character was no better than that of the mother, and that she had a natural affection for the child, neither neglecting, abusing, nor failing to provide for it, it was *held,* that the custody of the child should not be awarded to him.

*Appeal from Black Hawk Circuit Court.*

TUESDAY, APRIL 2.

IT is alleged in the petition that the plaintiff is the father of Ettie Nitz, a female child, of the age of about two years, and that defendant is the mother of said child; that defendant has said child in her care and custody, and under her control; that she is an improper person to have the control and education of said child, for that she is a woman of grossly immoral character, and of lewd, vicious, and brutal habits and conduct.

The prayer of the petition is, that plaintiff be appointed guardian of said child, and that the custody, care and education of the same be entrusted to him.

The defendant admits that plaintiff is the father of said child, and defendant the mother. She denies that she is an

improper and unsuitable person to retain the custody and control of said child, and denies that she is of gross, immoral character, and of lewd, vicious and brutal habits and conduct. She avers that she is the natural guardian of said child, and is in every way a proper and suitable person to take care of and rear said child, according to its condition in life; and that to take said child from her, at its present age and condition, would be an act of great cruelty to the child as well as defendant.

She further avers that plaintiff is not a suitable person to entrust with the care and custody of said child; that he is an immoral, lewd and vicious person; that he is not a truthful man; that he is a single man, without family, wife, father or mother, and that to entrust said child to his custody would be an act of great cruelty to the child and to defendant.

The cause was tried by the court, and the custody of said child given to the plaintiff. Defendant appeals.

*Alford & Elwell*, for appellant.

*C. W. Mullan*, for appellee.

ROTHROCK, CH. J.—The plaintiff and defendant are both unmarried. For a time prior to the birth of the child, defendant lived and cohabited with plaintiff at his home.

The child in controversy was the offspring of this illicit cohabitation. Some time before the birth of the child the defendant left plaintiff's house and became an inmate of the County Poor House, where the child was born. The plaintiff did not acknowledge the child as his own, and proceedings in bastardy were instituted against him, which he resisted.

1. PARENT AND CHILD: custody of child.

By the judgment of the court, he was charged with the support of the child, and required to pay $2.50 per week for that purpose. He appealed to this court, and the judgment

of the court below was affirmed. *State v. Pratt*, 40 Iowa, 631.

He instituted this proceeding to deprive defendant of the custody of the child, under sec. 2301 of the Code, upon the ground that the defendant is an improper person to have the custody of the child, because she is of lewd, vicious and brutal habits and conduct. The defendant insists that plaintiff is a lewd, vicious and immoral person, and is otherwise unfit to have the control and custody of the child.

It appears from the evidence that the defendant and her child now reside with her father; that she is also the mother of another illegitimate child, which was born some years before the one now in controversy. A sister also gave birth to an illegitimate child. All the witnesses concur in stating that the character of the family is not good, but that they have no knowledge of any improper conduct of the defendant since the birth of this child.

It appears that she has the natural affection of a mother for the child, and there is no evidence that she has ever neglected it, abused it, or failed to properly care for it.

There is no evidence tending to show that the plaintiff is a proper person to have the custody and control of the child. On the other hand, there is much in the case that leads the mind to an opposite conclusion. His moral character is no better than that of defendant.

He took this woman to his house and cohabited with her; and when she became pregnant, sent her to the poor house, that, in addition to the stain of illegitimacy, the child might be ushered into the world as a pauper.

He denied that he was the father, and defended against such claim to the last. It does not appear that he is in a situation to properly care for an infant two years of age. He must necessarily put it in the care of others.

We are clearly of the opinion that the custody of the child should not be awarded to him, and that for the present, at least, it should remain with the mother. It will be time

enough to interfere with her control over it when it arrives at an age to be corrupted by her immoral acts, if she leads such a life in the future as she did prior to the birth of the child.

REVERSED.