THE STATE OF IOWA, Appellee, v. JAMES A. ANDREWS, Appellant.

1. **Murder:** INDICTMENT: SUFFICIENCY. An indictment accusing the defendant of having inflicted a wound which caused the death of a person named, "feloniously, deliberately, premeditatedly, and with malice aforethought," but which does not charge, except in the formal part at the conclusion, that the murder was so committed, is not sufficient to authorize the trial of the accused upon the charge of murder in the first degree; and, if so tried, it is sufficient ground for the reversal of the cause, even though the indictment charged the offense of which the defendant was in fact convicted.

2. **Practice:** PLEAS IN CRIMINAL CAUSES: PRESENCE OF ACCUSED. It is competent for an attorney for one under indictment for murder to enter the plea of not guilty in the absence of the accused.

*Appeal from Sioux District Court.*—HON. SCOTT M. LADD, Judge.

WEDNESDAY, DECEMBER 16, 1891.

THE defendant was charged by indictment with the crime of murder, and on trial was convicted of the crime of manslaughter. He was adjudged to be imprisoned in the penitentiary at Ft. Madison for the term of two years and six months, and from that judgment he appeals.—*Reversed.*

*Argo & McDuffie,* for appellant.

*John Y. Stone,* Attorney General, and *Thomas A. Cheshire,* for the State.

ROBINSON, J.—I. The indictment contains two counts, the first of which is as follows: "The grand jury of the county of Sioux and state of Iowa, in the name and by the authority of the state of Iowa, accuse James Andrews of the crime of murder in the first degree, committed as follows: The said James Andrews, at the county of Sioux, and state of Iowa, on the twenty-second day of August, A. D. 1888, feloniously, wilfully, deliberately, premeditatedly, and of his malice aforethought, in and upon one Charles O'Connor, then and there being, did make an assault, and that he, the said James Andrews, then and there, with a certain deadly weapon, being a revolver, then and there charged and loaded with gunpowder and one leaden bullet, which said revolver he, the said James Andrews, in his hands then and there had and held, then and there feloniously, wilfully, deliberately, premeditatedly, and of his malice aforethought did discharge and shoot off to, against, and upon the said Charles O'Connor; and that the said James Andrews, with the leaden bullet aforesaid, out of the revolver aforesaid, then and there, by the force of the gunpowder aforesaid, by the said James Andrews discharged and shot off as aforesaid, then and there feloniously, wilfully, deliberately, premeditatedly, and

1. MURDER: indictment: sufficiency.

of his malice aforethought did strike, penetrate, and wound him, the said Charles O'Connor, in and upon the left side of the belly of him, the said Charles O'Connor, then and there with the leaden bullet aforesaid, so as aforesaid discharged and shot out of the revolver aforesaid, by the said James Andrews, in and upon the left side of the belly of him, the said Charles O'Connor, one mortal wound of the depth of twelve inches, and of the breadth of half an inch, of which said mortal wound the said Charles O'Connor from the twenty-second day of August, A. D. 1888, to the twenty-third day of August, A. D. 1888, aforesaid, at the town of Hawarden, in the county and state aforesaid, did suffer and languish, and languishing did live; on which said twenty-third day of August, A. D. 1888, aforesaid, in the year aforesaid, in the county and state aforesaid the said Charles O'Connor of the said mortal wound died; and so the jurors aforesaid upon their oaths do say that he, the said James Andrews, him, the said Charles O'Connor, in the manner and form aforesaid, feloniously, wilfully, deliberately, premeditatedly, and of his malice aforethought did kill and murder, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Iowa." The second count charges the same offense, with an unimportant difference in the language employed to describe the weapon used and the wound inflicted; but so far as its legal effect is involved in this appeal, it is subject to the same rules of construction as the first count, and need not be set out at length.

The charge of the court submitted to the jury the question of the guilt of the defendant of the crime of murder in the first degree, and of that the appellant complains, and insists that the indictment sufficiently charges no higher offense than that of murder in the second degree. An examination of the indictment shows that it accuses the defendant of having inflicted

The wound which caused the death of O'Connor, "feloniously, deliberately, premeditatedly, and with malice aforethought;" but, except in the concluding part, it does not charge that the murder was so committed. The case is within the rule announced in *State v. McCormick*, 27 Iowa, 403, and, following that case, we must hold that the indictment does not so charge the defendant with the crime of murder in the first degree as to authorize his trial for that offense.

It is claimed on the part of the state that the concluding paragraph, "and so the jurors aforesaid, upon their oaths, do say that he, the said James Andrews, him, the said Charles O'Connor, in the manner and form aforesaid, feloniously, wilfully, deliberately, premeditatedly, and of his malice aforethought, did kill and murder, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the state of Iowa," cures the defect. That paragraph, however, is a formal part of the indictment, not designed to charge an independent fact, but to express a conclusion derived from the statement of alleged facts which preceded it. In a similar case, in speaking of the material ingredients of the crime of murder in the first degree, the supreme court of Ohio used the following language: "A statement of any one of these facts or circumstances as a legal result, or by way of inference or conclusion from antecedent averments, is bad, and fatal to the indictment." *Fouts v. State*, 8 Ohio St. 113. That rule was followed in *Kain v. State*, Id. 316, and *Hagan v. State*, 10 Ohio St. 459. These cases were cited, and the rule they announced approved, by this court in *State v. McCormick, supra*. The rule was again followed in *State v. Watkins*, 27 Iowa, 415, and appears to have been followed in *State v. Knouse*, 29 Iowa, 118. It must now be regarded as the law of the state. See, also, *State v. Record*, 56 Ind. 107. It was reversible error to put the defendant upon trial for an offense of a

higher degree than that with which he was charged, even though the indictment charged the offense of which he was convicted. *State v. Boyle*, 28 Iowa, 525; *State v. Knouse*, 29 Iowa, 118.

II. The appellant claims that after the return of the indictment by the grand jury, and at a time when he was not present in court, this case was called, and, without his knowledge or consent, his attorney waived arraignment, entered a plea of not guilty, and consented to a continuance of the cause. He contends that these facts constitute reversible error. It is sufficient to say, in regard to the arraignment, that there is a conflict in the evidence as to whether the defendant was present when it was waived. Affidavits presented on the part of the defendant tend to show that he was absent, and a counter affidavit alleges that he was present. The fact in dispute was no doubt within the knowledge of the court, and the showing of the record is not sufficient to authorize us to conclude that there was any error in the arraignment. It was competent for counsel of the defendant to enter for him the plea of not guilty in his absence. *State v. Jones*, 70 Iowa, 506. There is no sufficient ground for concluding that prejudice resulted from the continuance.

2. PRACTICE: pleas in criminal causes: presence of accused.

III. The appellant was marshal of the town of Hawarden at the time of the shooting in controversy, and claims that what he did was proper, in the discharge of his duties as a peace officer. The twelfth paragraph of the charge relates to that defense, and contains a statement as to the duties and rights of such an officer in regard to the suppression of a riot. The appellant complains of the paragraph on several grounds, which we need not state. It is sufficient to say that, as applied to the evidence, the instructions in question could not have been prejudicial for any of the reasons alleged by the appellant.

Other questions were discussed by counsel, but as they are not likely to arise on another trial they need not be determined. For the error of the court in placing the defendant on trial for the crime of murder in the first degree the judgment of the district court is REVERSED.