THE STATE OF IOWA, Appellee, v. THOMAS KYNE, Appellant.

1. **Rape:** EVIDENCE: INSTRUCTIONS TO JURY. Where in a prosecution for rape there was a failure of evidence as to the essential elements of the crime, *held*, that the court erred in submitting the question of the defendant's guilt of that offense to the jury, though the defendant was convicted of a lesser offense only.

2. ————: ————: ————. A cause will not be reversed because of an incomplete statement of the law applicable to a case in a single instruction, where the charge, taken as a whole, is sufficient in this respect.

3. ————: ————: CONVICTION FOR ASSAULT AND BATTERY. Under an indictment properly charging the crime of rape, the defendant may be convicted of assault and battery, the latter offense being necessarily included in the former.

*Appeal from Lyon District Court.*—HON. SCOTT M. LADD, Judge.

TUESDAY, OCTOBER 25 ,1892.

THE defendant was indicted for rape, was found guilty of an assault with intent to commit rape and sentenced to be confined in the penitentiary for the term of three years and six months. He appeals.—*Reversed.*

*E. Y. Greenleaf* and *E. C. Roach*, for appellant.

*John Y. Stone,* Attorney General, *Thomas A. Cheshire* and *H. G. McMillan,* County Attorney, for the State.

KINNE, J.—I. The indictment charged the defendant with having committed the crime of rape. The prosecuting witness testified in response to a question by the court that there was no penetration of her person. The defendant testified that he had connection with her with her consent, and by mutual agreement. The testimony showed without conflict that all of the essential elements of the crime of rape had not been proven. The court, however, submitted to the jury the question of the defendant's guilt of the crime of rape, and also instructed them as to the lesser crimes embraced in the charge made. The appellant insists that, as there was no evidence of rape, the court erred in submitting that question to the jury. We have often held in civil cases that it is error to give an instruction containing a correct legal proposition which is not applicable to any issue in the case; *Deppe v. Chicago, R. I. & P. R'y Co.,* 36 Iowa, 52; *Roberts v. Richardson,* 39 Iowa, 290; *S. C. & P. Railway Co. v. Walker,* 49 Iowa, 273; *Wood v. Chicago, M. & St. P. Railway Co.,* 68 Iowa, 491; and that it is error to give an instruction as to a state of facts not proven, even though it be correct as an abstract legal proposition, if such instruction may tend to mislead the jury. *Moffitt v. Cressler,* 8 Iowa, 122; *Farr v. Fuller, Id.* 347; *Mundhenk v. C. I. Railway Co.,* 57 Iowa, 718; *Murphy v. C., R. I. & P. Railway Co.,* 38 Iowa, 539. Many other cases might be cited to the same effect. So we have held that it is prejudicial error to put a party on trial for a crime not charged in the indictment, even though he be convicted of a lesser offense, which is suffi-

1. RAPE: evidence: instructions to jury.

ciently charged. *State v. Tweedy*, 11 Iowa, 350; *State v. Boyle*, 28 Iowa, 522; *State v. Knouse*, 29 Iowa, 118; *State v. McNally*, 32 Iowa, 580; *State v. Andrews*, 84 Iowa, 88. The evidence in this case would not justify conviction of rape. In fact the crime charged was not made out. It seems to us to submit to the jury the question of the defendant's guilt of a crime of which there was no evidence was not only error, but such error as that we are not justified in saying that it did not prejudice the defendant's case. The defendant was entitled to have submitted to the jury questions as to which there was evidence free from the charge as to an offense of the gravest character of which there was no evidence as to his guilt. *State v. Myer*, 69 Iowa, 148.

II. The appellant complains of the fourth instruction, in that the instruction ignores the fact that the 2. ——: ——: ——. intent must be to have the intercourse with the female notwithstanding any resistance she might make. The instructions must be considered together. In the eleventh instruction the law is fully and correctly stated.

III. It is insisted that the court erred in instructing the jury that they might find the defendant guilty 3. ——: ——: conviction of assault and battery, and that the indictment is not sufficient to justify the conviction of the defendant thereunder of assault and battery. The indictment is as follows: "The said Thomas Kyne, on or about the sixteenth day of August, in the year of our Lord one thousand, eight hundred and ninety-one, in the county and state aforesaid, did unlawfully and feloniously,, with force and arms, in and upon one Katie Kahl unlawfully, willfully and feloniously make an assault, and did then and there ravish and carnally know the said Katie Kahl forcibly and against the will of the said Katie Kahl, she being a female over the age of thirteen

years." The indictment charged the crime of rape.
Our statute as to, included offenses reads:   "In all
other cases the defendant may be found guilty of any
offense the commission of which is necessarily included
in that with which he is charged in the indictment."
Code, section 4466. The crime charged being rape, it
necessarily included the crime of assault and battery.
The courts instruction as to included crimes was gov-
erned by the charge made in the indictment, not nec-
essarily by what might be proven on the trial, hence
there was no error in the instruction complained of.
Code, section 4465. *State v. Penneil,* 56 Iowa, 31;
*State v. Peters,* 56 Iowa, 263.

Other errors are assigned, which, in the view we
have taken of the case, need not be considered.
REVERSED.