STATE OF IOWA v. WILLIAM H. FULLER, Appellant.

**Murder:** DELIBERATION: INSTRUCTIONS. Deliberation and premeditation need not exist any particular length of time before the killing, and in the instant case the evidence thereof is held sufficient to justify a submission of the issue of murder in the first degree.

**Instructions:** CONSPIRACY. In a prosecution for murder, an instruction that if defendant "assisted or encouraged the act" he would be guilty as charged, was erroneous, because no concert of action was shown by the evidence.

**Argument:** MISCONDUCT. The statement of the county attorney, on a prosecution for murder, that an absent witness if present would probably testify that defendant struck deceased, was not an unfair comment.

*Appeal from Monroe District Court.*— HON. F. W. EICHEL-BERGER, Judge.

TUESDAY, OCTOBER 18, 1904.

The defendant was indicted for murder in the first degree. He was tried on the indictment, and convicted of manslaughter. He appeals.— *Reversed.*

*Clarkson & Bates,* and *N. E. Kendall,* for appellant.

*Chas. W. Mullan, Attorney General,* and *Lawrence De Graff, Assistant Attorney General,* for the State.

SHERWIN, J.— The defendant Fuller, Robert Rowe, the man whom he is charged with killing, James Campbell,

and William Cobley had an altercation over the possession of a pail of beer, during which Rowe was struck on the head with a piece of two by four scantling and injured so that he soon died from the effects thereof.   The State's theory of the transaction was that the fatal blow was struck by the defendant, and there was evidence tending to support such claim.   On the other hand, the defendant testified that he did not strike Rowe, and that he did not know that he had been struck by any one until after he had fallen, and that Cobley then told him that he had struck Rowe with the piece of two by four.

In an instruction, which is conceded to be correct as an abstract statement of the law, the court submitted to the jury the question of the defendant's guilt of murder in the first **1. DELIBERATION:** degree.   This instruction is assailed on the **instructions.** ground that there was no evidence of premeditation or deliberation upon which a verdict of murder in the first degree could be based, and that the instruction was therefore erroneous.   It is well settled that premeditation and deliberation need not exist for any particular length of time before the killing.   It is sufficient if there was such deliberation and premeditation immediately before the fatal injury was inflicted, though it may have existed but for an instant of time.   *State v. McPherson,* 114 Iowa, 492; *State v. Johnson,* 8 Iowa, 525.   The evidence tends to prove that the club with which Rowe was struck was secured and carried to the place of the conflict by Cobley, and that it was retained by him until trouble arose over the beer.   If this be true, and if the blow was in fact struck by the defendant, Fuller, he must have obtained possession of the club from Cobley with the intent to use it in the affray, and this in itself would be evidence of deliberation and premeditation. *Hill v. Com.,* 2 Grat. 594.   We have read the record with the care which the importance of the case, both to the State and to the defendant, demands, and we reach the conclusion that the evidence before the court and jury justified the in-

structions complained of. We are not called upon to determine whether the evidence of deliberation and premeditation was sufficient to support a verdict of murder in the first degree, because the defendant was acquitted of that charge. See *State v. Jackson,* 103 Iowa, 702.

Based, evidently, upon the testimony of the defendant that Cobley struck the blow which killed Rowe, the court instructed that if such was the case, and if the defendant

2. INSTRUCTIONS: conspiracy. "assisted or encouraged. the act," he would be guilty as charged in the indictment. · This was error, because there is no evidence tending in the least to support the instructions. The only witnesses who attempted to give the details of the quarrel were Campbell for the State and the defendant in his own behalf. Campbell testified positively that the defendant struck Rowe, and that Cobley struck him (Campbell) a few seconds thereafter. If Cobley struck Rowe, as claimed by the defendant, there is not only an entire absence of evidence tending to show that the defendant was in any way a party to that act, but it is almost, if not quite, conclusively shown that he knew nothing of it until he discovered Rowe lying on the ground, and that there was no concert of action between him and Cobley, either before or at the time of the fight. That an instruction based upon facts not in evidence is prejudicial is well settled. *State v. Myer,* 69 Iowa, 148.

Other criticism is made of the same instruction; but, as the errors claimed are not likely to again arise, we need not further notice them.

When fairly construed, we do not think instruction 23 assumed that the defendant had made the admission sought to be proven by the State.

The statement of the county attorney in argument, that if present, Cobley would probably. testify that the de-

3. ARGUMENT: misconduct. fendant struck Rowe, was not an unfair comment on the evidence of the defendant.

As there will probably be a retrial of the, case, we will

not further discuss the evidence tending to show that the blow which killed Rowe was struck by the defendant. It is enough to say that, if its sufficiency were the only question before us, we should not feel disposed to disturb the judgment. For the error pointed out, the judgment is reversed, and the case remanded.— *Reversed.*