C. J. THOMPSON, Appellee, v. NATIONAL CABLE & MANUFAC-
TURING COMPANY, Appellant.

Contracts of employment: COMPENSATION: MEASURE OF RECOVERY. In
1  an action for personal services under a contract in which there was
no agreed amount of compensation, the plaintiff's recovery, if any,
must be determined by the reasonable value of the service, and such
expenses as were actually incurred in the employment.

Same: VERDICT: SUFFICIENCY OF EVIDENCE. Where the ultimate facts
2  bearing upon plaintiff's right to recover for personal services are
in dispute, the verdict returned will not be disturbed, although a
different conclusion would have had ample support.

Same: VERDICT: DISREGARD OF INSTRUCTIONS. Where the plaintiff was
3  only entitled to the reasonable value of his services and his actual
expenses incurred in defendant's behalf, and the court so instructed
the jury, but plaintiff admitted that some of the expenses included
in his claim were incurred in his own business, a verdict for an
amount indicating the allowance of his full claim for expenses was
contrary to the instruction and was set aside for that reason.

Same: VALUE OF SERVICES: EVIDENCE. Parties connected with the
4  particular kind of work in which plaintiff was employed, ac-
quainted with the business and had supervised men in the work, were
competent to testify to the reasonable value of plaintiff's serv-
ices in that line of work.

Exclusion of evidence: PREJUDICE. Where a fact sought to be estab-
5  lished is fully proven by the testimony of other witnesses the re-
jection of further testimony which is merely cumulative is not re-
versible error, but there is a distinction between an established
fact and an opinion of witnesses from which the fact may be
deduced; and where opinion evidence has been received on a subject,
or where other evidence shows or tends to show a given fact, it
is prejudicial to refuse other evidence on the subject, unless the
court, as it may, limits the number of witnesses.

Evidence: MATERIALITY. In this action for personal services and ex-
6  penses the admission of a letter referring directly to another con-
tract between the parties, while immaterial, was not prejudicial;

and the admission of other letters written during the time for which plaintiff claimed compensation was proper, as bearing upon the question of whether plaintiff was employed directly by defendants or by their agents on their own account.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

FRIDAY, JUNE 6, 1913.

ACTION to recover for services and for expenses incurred under contract of employment. Trial to a jury. Verdict and judgment for plaintiff, from which defendant appeals.— *Reversed.*

*Parker, Parrish & Miller,* for appellant.

*Thomas J. Guthrie* and *Miller & Wallingford,* for appellee.

WITHROW, J.—The plaintiff brought suit against the defendant National Cable & Manufacturing Company, of Niles, Mich., and also against M. G. Mitchell, upon an alleged parol contract made in April, 1909, under which he was to act in the capacity of salesman for the Cable Company in Iowa; the alleged contract having been made with Mitchell as the secretary and agent of the defendant, Cable Company. The defendant Mitchell in answer denied that either for himself or for his codefendant had he entered into a contract with plaintiff for his employment, and denies that plaintiff rendered any services for or in behalf of himself or the Cable Company, or that he expended any money in behalf of either of the defendants. The National Cable & Manufacturing Company for its separate answer admitted that Mitchell was its agent at the time charged, but denied knowledge or information sufficient to form a belief as to the services alleged to have been performed by the defendant, and said if services

were performed, or expenses incurred, they were not for or on behalf of defendant. Defendant further alleged that plaintiff had been paid $200 on account of services and expenses. Upon the conclusion of the evidence the lower court instructed the jury that defendant Mitchell could not be held liable, but submitted to it the question of liability of the Cable Company, appellant, which resulted in a verdict for plaintiff, upon which judgment was entered, and from which this appeal has been taken by the National Cable & Manufacturing Company.

I. For a proper understanding of the questions presented it is necessary to go beyond the general averments of the pleadings. It appears, without dispute, in the evidence that, at the time it is alleged the contract was made between plaintiff and defendant, there was in existence a contract between appellant and E. D. and J. J. Walrath, of Clarksville, Iowa, under which the latter became the agents for the sale of the manufactured articles of appellant in Iowa, excepting the two north tiers of counties in the state, and they were to be allowed a commission on all sales made in their territory. The Walraths were to be at whatever expense was necessary to assist local dealers. The claim of the appellant is that whatever contract was entered into was between the Walrath Bros. and the appellee, and that Mitchell assisted only in bringing about an agreement between them. It is further claimed that appellee, prior to entering into the contract, knew of the Walrath agency, and recognzied that his employment was by them. An issue of fact, therefore, arose as to the parties to the contract.

No fixed amount is claimed to have been agreed upon for plaintiff's services, and his right, if entitled to recover against appellant, would be for the reasonable value of his services, together with such expenses as were actually incurred by him in his employment. It was shown that plaintiff was, and had been for some years, in business in Ankeny,

1. CONTRACTS OF EMPLOYMENT: compensation: measure of recovery.

and had been at different times a purchaser from defendant of articles of its manufacture. In 1908 he entered into a contract with the defendant relative to dealings between them in connection with his business, connected in no way with his present claim, but which is pertinent to the present inquiry in its bearing upon letters of defendant to plaintiff which, over defendant's objection, were admitted. The whole evidence tended quite strongly to sustain the defense, and to the conclusion that plaintiff's contract was with the Walraths was so understood by him—they being the ones to whom he originally presented his claim for services—and that he did not attempt to assert his claim against the defendant until after a failure to obtain a settlement with the Walraths, which the evidence tends to show was because of a dispute as to the amount of compensation due him and as to his expense account.

As to all of these facts, however, there was some dispute; and, bearing as they did upon plaintiff's ultimate right to recover we do not hold that the verdict was contrary to the evidence in that respect, although a verdict for the defendant would have had ample support.

2. SAME: verdict: sufficiency of evidence.

II. What has been said is independent of the question raised in appellant's exceptions that the verdict is contrary to the instructions. Plaintiff sued for $594.84. The jury awarded him $336.72. In the trial the plaintiff admitted that his claim was subject to a credit of $175. He also admitted that he had personally presented his claim to Walrath Bros. covering all matters now claimed by him, itemized, and fixed the amount at $543, with an admitted credit of $175. He kept no detailed expense account as to his hotel bills, but charged $2 per day, under an alleged agreement with the Walraths that he might so do. He admitted that some of his expense charges were incurred on his own business. Excluding the items for which without dispute he could make no claim,

3. SAME: verdict: disregard of instructions.

placing upon his services the value fixed by himself $125 per month, to have reached the verdict it did, the jury must have allowed him on his expense account, not for the expenses actually shown, but at the flat rate of $2 per day. The court instructed the jury that it could only allow him for expenses such amount as he actually expended in the employ of defendant. The finding to us seems in conflict with that instruction, and upon analysis of his claims, in connection with his prior claims and admissions, which must be taken against him, and, in failing to so consider such facts and items, which under the instructions they were bound to do, a verdict was returned in an amount larger than was plaintiff's right. The account is so uncertain in its details, excepting that, with his evidence, it brings our minds to the conclusion that an excessive verdict was returned, that we will not undertake to fix an amount which would represent plaintiff's right, if entitled to recover against the defendant.

III.   As will be noted by the summary of the claims of the parties, and the evidence stated, plaintiff's measure of recovery, if at all, was the reasonable value of his services, together with such expenses as might be properly shown.

The witness M. G. Mitchell, who had testified as to his connection and acquaintance with the business, as its traveling agent, was asked if he was familiar with the usual and ordinary pay for such services as were rendered by the defendant, to which he replied that he was. He then was asked to state the reasonable value of the services for which plaintiff claims, but, upon objection by plaintiff's counsel, was not permitted to answer. John Walrath, as a witness, was also asked if he knew the usual, customary, and reasonable value of such services in 1909, in the section of the state where plaintiff had worked, and replied that he did. Because of the objection of plaintiff's counsel that his competency had not been shown he was not permitted to answer. These rulings are assigned as errors. In the present case it is not necessary to give to

4.  SAME: value of services: evidence.

the rule bearing upon the qualification of a witness called to testify as to values the broad construction which is sometimes applied; that is, that the competency is sufficiently shown if the witness, after showing facts or experience from which knowledge may fairly be inferred, and that answers may then be given, subject to whatever effect cross-examination may have upon it. Both of the witnesses, as shown by their testimony, were connected with the particular kind of work in which plaintiff was engaged, employing and supervising men, and evidently would have a knowledge of values of services of that character. We think they should have been permitted to answer the questions. *Winklemans v. Ry. Co.*, 62 Iowa, 11; *Pingery v. Ry. Co.*, 78 Iowa, 438.

It is urged by appellee that the rejected testimony was only cumulative, and also that the two witnesses did in fact substantially give such value in their testimony. While particular cases are cited to sustain the claim that 5. EXCLUSION OF EVIDENCE: prejudice. if testimony which is cumulative is rejected, such is error without prejudice, this we are not prepared to hold without qualifying words or conditions. The true rule is better stated in *State v. McPherson,* 114 Iowa, 492, and supported by cases there cited, which is, that error in rejecting testimony will be held to be without prejudice where the fact sought to be established is fully shown by the testimony of other witnesses. There is a broad distinction between a fact which is established and an opinion from which facts may be deduced. In its very nature the latter is subject to the infirmities of judgment and the weakness of possible bias; and it would be a dangerous rule to hold that when a witness has given an opinion upon a subject, or where evidence has apparently shown, or tended to show, a given fact, a court may without prejudice refuse other evidence upon the same subject, unless it shall, as it may, limit the number of witnesses upon a particular question. But this was not done in this case. It is claimed that both the witnesses examined did in fact testify as to such

value.  The witness Mitchell did in part, before the objection was made, which immediately followed his answer, and which was sustained.  Such evidence tended to show a value less than that fixed by plaintiff.  From the remarks of the lower court, as shown by the record, the jury could reach no other conclusion than that they should not consider it, although such was not expressly said.  The testimony of Walrath, which it is claimed showed values, was limited to what they were paying some of their men, and did not reach to the reasonable value.  In excluding this evidence we conclude there was error, as the value of services was in sharp dispute.

IV.   The court admitted Exhibits 72, 76, 77, 78, and 80, being letters written by the defendant to the plaintiff.  Nos. 78 and 80 were written in 1908, and had reference directly

6. EVIDENCE: materiality.

to the contract admittedly in existence between them, and could, of course, have no bearing upon the present controversy, unless it be that Exhibit 80, which mentioned a request of plaintiff for additional territory, may be taken as an indication that his desire was subsequently met in the contract, which in this case he claims was made.  Exhibit 78 was quite immaterial, and its admission worked no prejudice.  Exhibits Nos. 72, 76 and 77 were written during the time for which plaintiff claims compensation.  They were submitted with the instruction that they might be considered with all the other evidence in determining whether plaintiff was employed by defendant or by Walrath Bros.  In this we think there was no error.

V.   Defendant submitted instructions which were refused by the court, and now claims error in the refusal and in giving instructions.  The instructions given fairly and correctly stated the law which should be applied to the case, and included the substance of every request which defendant had the right to have submitted.  Without in detail considering them here, we find no error in the respects thus charged.

Because of the errors noted, the judgment of the lower court is *Reversed*.