## COMMONWEALTH *vs.* JULIUS KINGMAN.

A complaint for being a common seller of intoxicating liquors on a day named, " and from that day to the day of the date of receiving this complaint," or " to the day of exhibiting this complaint," which last date is certified by the magistrate at the foot of the complaint, alleges the time of the commission of the offence with sufficient certainty.

A complaint for being, at a certain place, a common seller of intoxicating liquors, need not repeat the place.

A complaint for being a common seller of intoxicating liquors at a certain time and place, " without being duly authorized and appointed thereto according to law," sufficiently negatives the defendant's right to sell, without further averment of time or place.

COMPLAINT on *St.* 1855, *c.* 215, § 15, to a justice of the peace, alleging that the defendant, at New Bedford, on the 1st of September 1858, " and from that day to the day of the date of receiving this complaint, was, without being duly authorized and appointed thereto according to law, a common seller of intoxicating liquors, against the peace of said commonwealth," &c. At the foot of the complaint was a certificate of the justice that it was received and sworn to before him on the 25th of February 1859.

The defendant, after conviction in the court of common pleas in Bristol, at March term 1859, moved in arrest of judgment, because the complaint contained no sufficient allegation of the time or the place of the commission of the offence; and be-

cause it did not sufficiently state that the defendant was not duly authorized or appointed to sell. *Aiken,* J. overruled the motion, and the defendant excepted.

*F. F. Heard,* for the defendant. 1. The jurat is no part of the complaint, and cannot be referred to, to supply the insufficiency in the allegation of the time of committing the offence. It differs in this respect from the caption of an indictment. Its province is simply to show that the complaint was duly sworn to. *Commonwealth* v. *Hutton,* 5 Gray, 89. *Commonwealth* v. *Keefe,* 7 Gray, 332.

2. There is no sufficient allegation of place.

3. The negative, " without being duly authorized and appointed according to law," is insufficient, for want of a distinct and direct averment of time and place.

*S. H. Phillips,* (Attorney General,) for the Commonwealth

METCALF, J. The court are of opinion that the complaint sufficiently alleges the time when and the place where the defendant was a common seller of intoxicating liquors. The only difference between this case and several others that have been heretofore decided, is in the allegation of time, to wit, on a day certain, and from that day to the day of the date of receiving the complaint. The day of the receiving of the complaint by the magistrate appears on the complaint; and we think there is no difference in principle between this case and that of *Commonwealth* v. *Wood,* 4 Gray, 11, in which it was decided, that an indictment sufficiently avers the time of the offence therein charged, by alleging it to have been on a day certain, and from that day to the day of the finding of the indictment.

*Exceptions overruled.*[*]

---

[*] A similar decision was made in January 1860 in the case of

COMMONWEALTH *vs.* MARY A. DONNELLY,

which was precisely similar to the case in the text, except in charging the defendant with being a common seller of intoxicating liquors at Fall River from a day named " to the day of exhibiting this complaint."

*E. L. Barney,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.