## COMMONWEALTH *vs.* JOHN HAGARMAN.

A plea of guilty before a magistrate cannot be withdrawn after the case has been carried to the superior court on appeal, without leave of that court; and if leave to withdraw the plea of guilty has been refused in that court, and a jury empanelled in the case, they may properly be directed to return a verdict of guilty, without the introduction of any evidence on the part of the Commonwealth.

A complaint which charges the commission of a continuing offence from a day named "unto the day of the date hereof," and which is dated "this fourteenth day of January A. D. 1864," alleges the time with sufficient certainty, and is not bad by reason of the use of the figures. The date of the jurat may also be expressed in figures.

If a complaint against John Smith for a criminal offence contains several counts, and the first count contains his name in full, the subsequent counts may describe him as "the said John," although the complainant's first name is also John.

COMPLAINT made against the defendant, containing three counts. The first count charged him with having been a common seller of intoxicating liquors in violation of law " on the first day of November now last past, and from thence unto the day of the date hereof." The second and third counts charged that " said John " on days named made single sales, in violation of law. The complaint was dated " this fourteenth day of January A. D. 1864," and was sworn to " January 14th 1864 " by John M. Seeley and Albert D. Whitmore.

At the trial before the magistrate the defendant pleaded guilty and was duly sentenced, and appealed to the superior court. In the superior court he asked leave to retract his plea of guilty, which was refused. A jury were empanelled, in the usual form in appeal cases, the clerk stating that the defendant had pleaded guilty in the court below. . No evidence was offered on either side, and the judge directed the jury to return a verdict of guilty, which they accordingly did. The defendant moved in arrest of judgment for various reasons, which sufficiently appear in the opinion ; but the motion was overruled. The defendant alleged exceptions.

*H. W. Bishop,* for the defendant, cited, as to the form of the complaint, *Commonwealth* v. *Hutton,* 5 Gray, 89 ; *Commonwealth* v. *Clark,* 4 Cush. 596.

*J. C. Davis,* for the Commonwealth.

CHAPMAN, J. 1. The defendant had no legal right, without leave of court, to retract the plea of guilty which he had made before the trial justice.

2. On his trial in the superior court, his admission of guilt in the court below, and the proof of that admission by the record, were competent and sufficient to authorize a verdict against him.

3. The complaint sufficiently alleges the time when the defendant committed the offence. *Commonwealth* v. *Kingman*, 14 Gray, 85.

4. The name of the defendant is sufficiently stated in the complaint. There is no uncertainty in the second count occasioned by the use of his mere Christian name.

5. The fact that the date of the complaint, on " this fourteenth day of January A. D. 1864," is partly written in Arabic figures, with the initials A. D. for the year, does not vitiate the complaint. In *The State* v. *Reed*, 35 Maine, 489, this form of stating not only the date of the complaint, but also the time when the offence was committed, was held to be good, and several American authorities are cited in support of the position, though the court express the opinion that it would be better for criminal pleaders to adhere to the ancient practice of framing complaints exclusively in the English language.

6. The jurat is sufficient, as it states that the complaint was sworn to, and the date is properly stated. *Commonwealth* v *Keefe*, 7 Gray, 332.

*Exceptions overruled.*