# Blair *v*. The State.

### Indictment for Assault with Intent to ravish.

1. *Charge to jury; what not erroneous.* — After charging the jury on defendant's
written request, as to the ascertainment of the sense and meaning in which he used
a particular word, it is not error to further instruct the jury that they must look to
the evidence in order to determine that question.

2. *Oath of jury; what sufficient.* — A recital in the record that the jury " were duly
empanelled, sworn, and charged well and truly to try the issue joined between the
defendant and the State of Alabama," sufficiently shows that the jury were sworn
as required by law.

APPEAL from the Circuit Court of Covington.

Tried before Hon. JOHN K. HENRY.

The defendant was indicted for an assault with intent to
ravish. On the trial the female testified that he came to her
house, and having driven away a, boy who was there, caught
hold of her person, with the remark: " I have come for, and I
intend to have it ; " that she resisted, and that he pushed her
up against the bed, and said, " I intend to have it right now, or
I will kill you." This was all the evidence relating to the as-
sault, and the defendant asked the following charge in writing
in reference thereto: " That although the defendant may have
told the person upon whom the offence purports to have been
committed, that ' he would kill her unless she let him have *it*,'
yet unless there is some evidence showing what was meant by
the word ' it ' the jury cannot convict the defendant of an as-
sault with intent to ravish," which the court gave, but added:
" Gentlemen, I further charge you in relation to that, that you
must look to the evidence in order to determine what the de-
fendant meant by the word ' it.' " To which " qualification "
by the court defendant duly excepted, and now insists that the
additional charge was a qualification and erroneous. The
judgment-entry recites that the jury " were well and truly
sworn to try the issue joined between the defendant and the
State of Alabama."

[Blair v. State.]

B. M. STEVENS and J. M. WHITEHEAD, for appellant.—
The additional charge given by the court is a qualification, and
therefore erroneous. Rev. Code, sec. 2756; *Lyon & Co.* v.
*Kent, Payne & Co.* 45 Ala. 65; *Edgar* v. *The State,* 43 Ala.
45; *Myatt & Moore* v. *Bell,* 41 Ala. 222. This is the affirma-
tive declaration of the law, and negatives all other modes of
procedure.

II. The judgment-entry of the court below fails to show that
the accused had been tried by a jury sworn according to law.
Revised Code, sec. 4092; *Gardner* v. *The State,* 48 Ala. 263;
*Johnson* v. *The State,* 47 Ala. 9; *Smith* v. *The State,* 47 Ala.
540.

JOHN W. A. SANFORD, Attorney General, *contra.* — There
was no error in the charge instructing the jury that they must
look to all the evidence to ascertain the purpose of the accused,
and the meaning of the words used by him. *Carter* v. *Lee,*
33 Ala. 430; *Rosenbaum* v. *The State,* 33 Ala. 354.

The jury were sworn according to law. The record shows
almost a literal compliance with the statute. *Gardner* v. *The
State,* 48 Ala. 263.

MANNING, J. — When the court, at the request of a de-
fendant in writing, has given a charge to the jury in respect to
the ascertainment of the meaning with which a particular word
alleged to have been used by defendant was employed, it is
not error for the court further to instruct the jury, that they
must look to the evidence in order to determine what defendant
meant thereby. *Hogg* v. *The State, ante,* p. 2; *Morris* v. *State,*
25 Ala. 57; *Rosenbaum* v. *The State,* 33 Ib. 354.

The recital in the record in regard to the jury being sworn
is sufficient. It was not intended by such recital in the judg-
ment-entry to set forth the oath at length, but only to show
that the jury had been sworn. And when no objection is
taken in the court below to the form of the oath administered,
it will be presumed that it was done in proper form. *Bush* v.
*The State, ante,* p. 13; *Crist* v. *The State,* 21 Ala. 137; *McGuire*
v. *The State,* 37 Ib. 161.                  Judgment affirmed.
VOL. LII.