# Pickens *v.* The State.

### *Indictment for Larceny of a Horse.*

1. *Indictment; what does not vitiate.*—An indictment is not vitiated because the character *&* is used instead of the word *and.*

2. *Oath to petit jury, sufficient recital of.*—A recital in the judgment entry, that thereupon came, &c., " who, being duly elected, tried, and sworn, well and truly to try the issue joined between the State of Alabama and the prisoner at the bar, on their oaths say," &c., held insufficient and a reversal entered; but upon further consideration by the court the sufficiency of such recital is sustained upon the authority of former decisions.

APPEAL from the City Court of Selma.

Tried before the Hon. JONATHAN HARALSON.

The appellant, Ed. Pickens, was indicted for the larceny of a horse, the personal property of one Wm. A. Gay. The judgment entry recites that "this day came the State of Alabama, &c., . . . and the defendant demurs to the indictment in this cause, on the ground that the character *&*, between the words *"took"* and *"carried,"* does not represent the word "and," and that the words "carried" and "horse" are not so spelled out as to certainly appear what they are, and the court having considered said demurrer, it is ordered that the same be overruled. And then the defendant pleaded not guilty; and thereupon came, also, a jury of good and lawful men, to-wit, W. D. Clarke, and eleven others, who, being duly elected, tried, and sworn, well and truly to try the issue joined between the State of Alabama and the prisoner at the bar, on their oaths, say : 'We, the jury, find the defendant guilty, as charged in the indictment.'"

JOHN C. REID, for appellant.

JOHN W. A. SANFORD, Attorney-General, *contra.*

BRICKELL, C. J.—1. We have inspected the original indictment transmitted with the record, under an order of the City Court, and we concur in the opinion of that court, that the objection to it of illegibility cannot be sustained. Nor is there such uncertainty or obscurity as to the words intended, as would have justified the hearing of evidence in reference to them.—*Sayres v. State,* 30 Ala. 15. The sign *&*, for *and,*

[Thomas v. The State, ex rel. Stepney.]

has been used in practice too long for a court now to entertain an objection to its employment.

2. The oath administered to the jury is not that prescribed by the statute, and this, under repeated decisions of this court, compels a reversal. The judgment must be reversed and the cause remanded. The prisoner will remain in custody until discharged by due course of law.

*Per Curiam.*—Since the delivery of the foregoing opinion, we are satisfied that we fell into error in declaring the oath administered to the jury was insufficient, requiring a reversal of the judgment of conviction. The oath seems to have been in form and words, that which was declared sufficient, in *McNeil v. State*, 47 Ala. 598; *Edwards v. State*, 49 Ala. 334; *Bush v. State*, 52 Ala. 13; *Blair v. State*, 52 Ala. 343; *Atkyns v. State*, MSS.; *Moore v. State*, 52 Ala. 426. The judgment of reversal heretofore rendered at the present term, in this cause, must be set aside and vacated, and a judgment of affirmance entered, which will be certified to the City Court, and the certificate of reversal heretofore issued, recalled.