## WALTER MALTON v. THE STATE.

### No. 7441. Decided May 28.

1.  **Indictment — Abbreviations.**— It is better in preparing indictments to write all words in full, but the use of well understood abbreviations in an indictment does not vitiate it.

2.  **Same — Character "&".**—An indictment which concludes "against the peace & dignity of the State," is not bad because the character "&" instead of the word "and" is used. The character "&" for the word "and" has been used in practice too long for a court now to entertain an objection to its employment.

3.  **Practice—Original Papers.**—Where on appeal original papers are ordered to be sent up with the transcript, they should be forwarded with the transcript and their identity verified by proper certificate of the clerk, and separately from the transcript. Papers in no way authenticated as originals will not be considered as such on appeal.

4.  **Practice—Reopening the Evidence.**—It is within the discretion of the trial court to reopen the case after the conclusion of the evidence and after the argument has begun, and hear further evidence, and this discretion will not ordinarily be revised.

5.  **Forgery.**—An admission, however prompt, made by the defendant to the injured party of the commission of a forgery does not affect the criminality of the act.

APPEAL from the District Court of Anderson. Tried below before Hon. F. A. Williams.

This conviction is for forgery, and the punishment assessed at confinement in the penitentiary for two years.

The forged instrument, which was read in evidence, is as follows:

"ELKHART, TEXAS, 7–23, '88.—Mr. Ash, let Walter have eny thing he want.                                          "G. W. WHITLEY."

Henry Hewitt, a witness for the State, testified that G. W. Whitley had an account with the firm of Michael Ash for 1888. On July 23, 1888, defendant presented to witness, who was a clerk for said firm, the order above set forth. Hewitt told defendant the order did not look like Whitley's handwriting. Defendant said Whitley did write it, and insisted on its being filled, but said if witness did not want to fill it it would make no difference. Witness let defendant have goods on the order to the amount of $4.75 and charged same to the account of said Whitley. In September, 1888, witness showed the order to said Whitley, and said Whitley said it was all right and he would pay it, and he did afterward pay it. Witness had previous to this time, in 1887 and 1888, let defendant have goods on orders from said Whitley.

George W. Whitley, a witness for the State, testified that he did not write or sign the order nor authorize the defendant or any one else to sign it. A day or two after the date of the order defendant told me voluntarily that he had bought goods from Ash on my account amounting to about $4.75 worth, and that he drew the order and was sorry for it and would pay me, and hoped I would not put him to any trouble about it. Defendant was a tenant of witness when the order was made and the goods obtained. Other portions of this witness' testimony are not material.

The defendant testified in his own behalf in substance as follows: I wrote the order. Mr. Whitley did not authorize me to do it. I presented it to Mr. Hewitt and got $4.75 worth of goods on it. I went to Mr. Whitley the same day and told him about it. He told me I had done wrong, but he would pay for the goods. Other portions of defendant's testimony are immaterial.

Defendant, by two witnesses, proved a good character for honesty.

As to the questions of law decided, the opinion states the case.

*Gammage & Gammage*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE. — The indictment in this case concludes "against the peace & dignity of the State," using the character "&" in the place of the word "and." It is urged by appellant that this is not a sufficient compliance with the Constitution and statute in respect to the conclusion of the indictment. Speaking of this, the Supreme Court of Alabama said that "the sign '&' for 'and' has been used in practice too long for a court now to entertain an objection to its employment." Pickens v. State, 58 Ala., 364, 365. The use of well understood abbreviations in an indictment does not render it defective. State v. Reed, 35 Me., 489; Commonwealth v. Hagarman, 92 Mass. (10 Allen), 401; Commonwealth v. Kingman, 80 Mass. (14 Gray), 85; Kel-

ley v. The State, 11 Miss., 518; 1 Am. and Eng. Ency. of Law, p. 20. This court, in Brown v. The State, 16 Texas Court of Appeals, 247, 248, says: "In the appendix to his Unabridged Dictionary, under the title 'miscellaneous,' Mr. Webster makes the sign or abbreviation '&' mean the same as the word 'and,' and Mr. Richardson in his dictionary gives many illustrations from the old English authors under the word 'and,' showing that the sign '&' was used synonymously with 'and' as an abbreviation for the word 'and.' This style of abbreviation has come down to us sanctioned by age and common use for perhaps centuries, and is used even at this day in written instruments, in daily transactions, with such frequency that it may be said to be a part of our language when it is written." It is better that in writing instruments all words be written in full, but we see no sufficient reason for holding the indictment vicious because of this matter.

It is contended that the original indictment and forged order are variant from the indictment and order as copied into the transcript. There is what purports to be the original indictment and forged order attached to the transcript. These two papers are in no way authenticated as such original papers, nor are they certified to by the clerk of the trial court as such papers. "Where original papers are ordered to be sent with the transcript they should be forwarded with the transcript, and their identity verified by proper certificate of the clerk, and separately from the transcript." Carroll v. The State, 24 Texas Ct. App., 313; The State v. Morris, 43 Texas, 372. These purported original papers are not so presented to us as to require our consideration of them.

The case was reopened after the first argument for the State had been concluded, and evidence adduced at some length on both sides. This action of the court is complained of. The defendant also introduced evidence at this time. This matter is confided to the discretion of the court, and we see no such error in it as requires a reversal of the judgment. Willson's Crim. Stats., secs. 2311, 2312.

It is also contended that the evidence is insufficient to support the conviction. The facts show that the appellant forged the order without the knowledge or consent of the party whose name was forged thereto, that he presented it to the merchant to whom addressed to be honored, and when asked if the party whose name was signed to it had signed it he answered in the affirmative, and thereupon obtained the desired goods thereon from the said merchant. It was shown and admitted to be a forgery. Appellant subsequently informed the party whose name he forged of his action in the matter, but this did not relieve the transaction of the fraud. The jury found fraud and we are not authorized to disturb that finding.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.