PRINCE EARL AND CAROLINE GARRETT v. THE STATE.

*No. 1039.    Decided November 21.*

1. **Indictment—Sufficient, When.**—An indictment is sufficient which charges the commission of the offense in such manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment. Code Crim. Proc. art. 428a.

2. **Same.**—An indictment will be valid and sufficient if it sets out the statutory ingredients of the offense in such manner as "to enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense."

3. **Same—Abbreviations—Dollar ($) Marks—Pleadings.**—In all pleadings in this country, and in indictments, it is well settled that Arabic numerals, and all well defined and well understood abbreviations, may be used. The dollar mark (viz., $) is native and original to the United States, and its meaning, when used as a prefix to a figure, admits of no question. But the court suggests that as such ques-

tions can be so easily avoided, it is unnecessary that they should ever be permitted to be raised.

APPEAL from the County Court of Shelby. Tried below before Hon. R. L. PARKER, County Judge.

This appeal is from a conviction for theft of a hog of the value of $3, the punishment being assessed at a fine of $50 and one day's imprisonment in the county jail, against each of said defendants.

The value of the alleged stolen hog, as set out in the indictment, was as follows: "One hog of the value of $3." Defendant moved to quash the indictment, because it did not allege the value of the animal charged to have been stolen, which motion was overruled.

No further statement is necessary.

*J. O. B. Richardson* and *M. W. Wheeler*, for appellants.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The conviction was for hog theft. The indictment charged the value of the hog to be "$3." A motion to quash was made, because the value was not written in "plain and intelligible words," as required by the statute. Code Crim. Proc., art. 420, subdiv. 7. Is the figure (3) three prefixed by the dollar mark "plain and intelligible words" within the purview of the statute? We think sufficiently so. "An indictment for any offense against the penal laws of this State shall be deemed sufficient, which charges the commission of the offense in ordinary and concise language in such manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court on conviction to pronounce the proper judgment * * *." Code Crim. Proc., art. 428a. The statutory ingredients of the offense must be set out in the indictment, and if it be sufficient to "enable the accused to plead the judgment that may be given upon it in bar of any prosecution for the same offense," the indictment will be valid.

It is now too well settled, we think, to be questioned, that Arabic numerals, and all well defined and well understood abbreviations, may be used in indictments without rendering them defective. Brown v. The State, 16 Texas Crim. App., 245; The State v. Reed, 35 Me., 489; The Commonwealth v. Hagarman, 92 Mass., 401; The Commonwealth v. Kingman, 80 Mass., 85; 1 Bish. Crim. Proc., 3 ed., secs. 345, 346, and notes. And this is true as to all pleadings in this country. 1 Am. and Eng. Encyc. of Law, p. 16, and note 6, for cited authorities. When values are to be expressed, in pleadings, adjudicated cases hold that the money of our Federal Government may be indicated by using the

dollar mark ($) and Arabic numerals for that purpose.    Throughout the Union, in all financial transactions expressed in writing, it is and has been the habit, practice, and custom of all the people to so express values.    Among those nations of the world where our money circulates, or is the subject of exchange, in commercial dealings had with the citizenship of this country, these marks are thoroughly appreciated and their meaning fully understood.    If there is one thing fixed beyond doubt in the mind of the American people, it is the meaning of figures prefixed by the dollar mark.    Every account made out, every promise in writing, and every check or draft drawn by or through our vast systems of banking, carry the inevitable and certainly indicating figures and dollar mark, and show the amount due and express the responsibility of the contracting parties.    It permeates our business relations in all its bearings, and enters into every phase of our financial system; is equally understood by the learned and unlearned, and carries a meaning and a significance thoroughly known to all. The *dollar mark* conveys an unquestioned meaning.    Everybody understands its significance.    It is a part and parcel of our language, and peculiarly and originally an American contribution to the language of the world.    In view of these matters, would it not be strange indeed that our courts should be required to be ignorant of the purport and meaning of Arabic numerals, so long anglicized, and the significance of the dollar mark, native and original to the United States, and peculiarly our own invention?   Tested by the provisions of the statutes, we think the indictment valid, and the value sufficiently expressed.    Again, we desire to say that it would be advisable for the pleader to so frame indictments as to avoid such questions.    A little time, the exercise of a small amount of patience and caution, and a limited amount of accuracy in framing indictments, would avoid such unnecessary and vexed questions.    Pleadings in and trials of criminal causes should be in strict conformity to the provisions of our statutory law, and to the end that, when a conviction is obtained, it should be free from errors and a termination of the cause.    A strict adherence to and compliance with our statutes would be of incalculable advantage to a due and an impartial administration of our criminal laws.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.