**Willie HANKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 52172.**

Court of Criminal Appeals of Texas.

Oct. 27, 1976.

Melvin J. Boneau, Port Arthur, Donald B. Moye, Nederland, for appellant.

Tom L. Hanna, Dist. Atty., John R. De-Witt, Asst. Dist. Atty., Beaumont, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

CORNELIUS, Commissioner.

Appellant was convicted, under the former Penal Code, of murder. Punishment was assessed at fifty (50) years' confinement.

Appellant and the deceased, Bessie Ann Love, had lived together for about two years. They separated about a week prior to the occurrence in question. On the day of the offense, they were at the apartment of the deceased's sister, and had been drinking. At about 10:05 in the evening, appellant shot the deceased six times with a .22 caliber pistol. She died prior to reaching the hospital. At the guilt-innocence stage of the trial, appellant requested the court to instruct the jury on murder without malice and temporary insanity due to involuntary intoxication. Both requests were refused.

In his first ground of error, appellant complains of the failure to charge the jury on murder without malice. To support his contention that the charge should have been given, appellant points to testimony of Louis Braxton Love, the brother of the deceased, that immediately before the killing he heard the following verbal exchange between appellant and the deceased:

Deceased: "No, I'm not going anywhere with you. You put me out and I want you to leave me alone, _____. . . I'm not going to leave with you. You don't want me. You put me out. _____, . . just leave me alone. You're not my man anymore."

Appellant: "I'm tired of this _____."

■ Appellant contends this testimony raises an inference that he acted in a rage of sudden passion, and was therefore sufficient to raise the issue of murder without malice. We do not agree. Under the former Penal Code, murder without malice was a voluntary homicide committed without justification or excuse, under the immediate influence of a sudden passion arising from an adequate cause, by which it is meant such cause as would commonly produce a degree of anger, rage, resentment, or terror in a person of ordinary temper sufficient to render the mind incapable of cool reflection. Art. 1257c, V.A.P.C. There was no testimony here that the quoted exchange or any other circumstance caused appellant to become enraged or overcome with sudden passion. No witness testified that he appeared incapable of cool reflec-

tion. In fact, appellant himself testified, and his only defense was that because of intoxication he did not remember what happened and did not know he had shot the deceased until sometime after the killing. He stated that he was not angry at anyone and simply could not remember what happened. In these circumstances, the evidence did not raise the issue of murder without malice. *Ortegon v. State*, 459 S.W.2d 646 (Tex.Cr.App.1970); *Allen v. State*, 169 Tex.Cr.R. 318, 333 S.W.2d 855; *Dickson v. State*, 463 S.W.2d 20 (Tex.Cr. App.1971); *Bryant v. State*, 482 S.W.2d 270 (Tex.Cr.App.1972). The failure to instruct the jury on murder without malice is not error unless there is evidence raising the issue. *Dickson v. State*, supra. Moreover, appellant requested the charge at the guilt-innocence stage of the trial but did not reurge it at the punishment stage. At the time of this trial, the lack of malice did not affect the question of guilt, but only that of punishment. Thus, the proper time to have requested a charge on murder without malice was at the punishment stage. *Foster v. State*, 493 S.W.2d 812 (Tex.Cr.App.1973); *Jones v. State*, 504 S.W.2d 906 (Tex.Cr.App. 1974). Ground of error number one is overruled.

■ The second ground of error asserts that the court erred in failing to charge the jury on temporary insanity due to involuntary intoxication. Appellant contends that the issue was raised by his testimony that after he had consumed one beer he was about to drink another when the deceased took something from her bosom and dropped it in his drink. Appellant asked the deceased what she put in his beer and she answered, "Nothing. You go ahead and drink it. It's good." Appellant then said, "You did something to it." She answered, "Drink it. Its *still* good." There was no testimony tending to identify the substance placed in appellant's drink, but Dr. Walters testified, in answer to a hypothetical question, that if one had consumed only the quantity of beer appellant testified he drank, and then had a foreign substance placed in his drink, and thereafter acted

irrationally and suffered a complete loss of memory, it was likely that the substance placed in his drink was either LSD, cocaine or diazepan. Dr. Walters did not examine or treat appellant. Aside from the question of temporary insanity resulting from *involuntary intoxication* as a defense to crime,[1] this evidence was not sufficient to raise the issue of involuntary intoxication. If appellant was aware that a suspected drug had been placed in his drink, as he testified, and in spite of such knowledge he drank the beverage, any intoxication resulting therefrom could not be classified as *involuntary.* To constitute involuntary intoxication, there must be an absence of an exercise of independent judgment and volition on the part of the accused in taking the intoxicant. See *Johnson v. Commonwealth*, 135 Va. 524, 115 S.E. 673, and Annot., 30 A.L.R. 761. *Voluntary* intoxication from liquor or drugs or a combination thereof is not a defense, but evidence of temporary insanity resulting from such intoxication may be considered by the jury in mitigation of punishment. Art. 36, V.A.P.C.[2] Appellant made no request at the punishment stage of the trial for an instruction to that effect. Ground of error number two is overruled.

In his third ground of error, appellant complains of an alleged comment by the trial judge. Appellant's objection to the comment was sustained and the trial judge instructed the jury not to consider it for any purpose. No motion for mistrial was made. As appellant received all the relief he requested, no error is shown. Ground of error number three is overruled.

The judgment of the trial court is affirmed.

Opinion approved by the Court.

---

1. See *Carter v. State*, 12 Tex. 500; *Colbath v. State*, 4 Tex.App. 76 (1878); Annot., 30 A.L.R. 761.

2. Now V.T.C.A. Penal Code, Sec. 8.04.