Robert SHURBET, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–82–318–CR(T).

Court of Appeals of Texas, Austin.

June 1, 1982.

Gerald M. Brown, Temple (court-appointed), for appellant.

Arthur C. Eads, Dist. Atty., Steven C. Copenhaver, Asst. Dist. Atty., Belton, for appellee.

Before SHANNON, EARL W. SMITH and BRADY, JJ.

SHANNON, Justice.

Appellant Robert Shurbet appeals from a judgment of conviction for theft of a van rendered after a jury trial in the district court of Bell County. The jury assessed punishment at confinement for ten years in the Texas Department of Corrections and by a fine of $1,500.00. This Court will reverse that judgment.

Appellant insists that the district court erred in refusing to admit evidence bearing on his intoxication at the time of the theft. The tendered evidence consisted of expert testimony showing that appellant was an alcoholic and tending to prove, arguably that appellant was in a state of involuntary intoxication at the time of the theft to an extent that he was not able to distinguish right from wrong. The district court refused to admit the evidence at either the guilt-or-innocence or punishment phases of the trial.

Appellant testified that in September, 1979, he had been a patient in the Veteran's Administration Hospital in Temple enrolled in the hospital's alcoholism program. Appellant began drinking at age fifteen and has received treatment for alcoholism in Hurst and at the Austin State Hospital. On the date of the theft, appellant had drunk ten or twelve bottles of beer. He recalled going to Tom Barton's house, sitting in his own truck, drinking beer and vomiting. He did not remember getting into Barton's van and driving it away. He had sporadic recollections of driving to Fort Worth in the van where he pawned Barton's spray gun and other painting equipment to underwrite his drinking spree. Appellant testified he drank from the morning he stole the van until the time of his arrest.

Tom Barton testified that when he recovered his van, he discovered inside the vehicle nine to twelve sacks of empty beer bottles. He admitted that it appeared as if someone had done "quite a bit" of drinking in the van.

Appellant called three witnesses who testified outside the presence of the jury only. The district court's refusal to admit this testimony forms the basis for appellant's grounds of error on appeal.

Dr. Douglas N. Proden, Staff Psychiatrist at the Austin State Hospital, testified that he made a mental evaluation and examination of appellant in April, 1980. He diagnosed appellant as suffering from alcoholism. Dr. Proden stated that alcoholism is classified as a mental disease. Dr. Proden was asked a hypothetical question which assumed that an alcoholic in the middle of a drinking episode went to the house of an acquaintance, parked his vehicle and in a blacked out mental state took the friend's car. In response to the hypothetical question, Dr. Proden said it was possible that an alcoholic might not be aware of what he was doing. On cross-examination, Dr. Proden reaffirmed that it was conceivable that appellant could have been in a diminished state of consciousness which would have negated the existence of the intent necessary to commit a crime; however, he was not willing to testify that appellant was temporarily insane on the date of the theft.

Curtis Vinson, an alcoholism counselor with the Alcohol Recovery Center in Hurst, Texas, testified that he had done an "intake" evaluation of appellant. He testified appellant had no ability to control his drinking. He, too, was asked the hypothetical example stated above. Vinson was asked to further assume that appellant had been op-

erating in a blacked out state of mind, but regained a conscious state while driving the motor vehicle not owned by him. Vinson was asked to predict appellant's reaction and he responded that appellant would probably lack the ability to do anything except continue to drink.

Vinson observed appellant on an irregular basis over a three-month period. He testified alcoholics do not display the same symptoms normally associated with intoxicated persons because of their heightened tolerance of alcohol. He related that he was personally familiar with cases where alcoholics have driven automobiles long distances and been unaware of having made the trip. From his evaluation and examination of appellant, he concluded that appellant had suffered blackouts as a result of his drinking in the past, and would suffer similar blackouts in the future if he continued drinking. In response to a hypothetical question summarizing appellant's testimony, he said he would be almost certain that appellant did not appreciate the consequences of taking a vehicle that did not belong to him.

On cross-examination, Vinson admitted that he was not academically qualified to make a determination whether appellant was temporarily insane as a result of involuntary intoxication on the date of the theft.

Dr. Don Marler, Psychologist with Central Counties MH–MR Services, testified that he performed a court-ordered clinical interview and evaluation of appellant. His primary diagnosis was "unspecified personality disorder" and his secondary diagnosis was "alcoholism." Dr. Marler testified that appellant said that he had been drinking heavily and remembered sitting in his motor vehicle in front of a friend's (Tom Barton) house and waking up sometime later driving his friend's van. Dr. Marler testified that it was possible that appellant had been functioning in a "fugue" or disassociative state at the time of the offense. Often persons operating in a fugue state are unable to distinguish between right and wrong. It was Dr. Marler's opinion, that when appellant engages in episodic drinking, he lapses into a fugue state of mind. His opinion was based upon his interview with and testing of appellant, and information from appellant's previous hospitalization.

On cross-examination, Dr. Marler admitted that he could not actually testify from his own "personal knowledge" that appellant did not have the ability to distinguish between right and wrong on the date of the theft, but he persisted in his "opinion," that appellant probably was not able to conform his behavior to the requirements of the law.

■ Appellant first complains that the district court erred in excluding the proffered testimony regarding appellant's alcoholism during the guilt-or-innocence phase of the trial. Texas Pen.Code Ann. § 8.04(a) (1974) provides that "*[v]oluntary* intoxication does not constitute a defense to the commission of crime." (emphasis supplied). On the other hand, the Court of Criminal Appeals has held that *involuntary* intoxication does constitute an affirmative defense to the commission of a crime. *Torres v. State,* 585 S.W.2d 746 (Tex.Cr.App.1979); *Hanks v. State,* 542 S.W.2d 413 (Tex.Cr. App.1976). Involuntary intoxication is a defense to criminal culpability when it is shown that:

(1) the accused has exercised no independent judgment or volition in taking the intoxicant; and

(2) as a result of his intoxication the accused did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated.

*Torres v. State, supra,* at 749.

*Torres* also holds that the question of voluntariness of the intoxication is one for determination by the fact-finder. Appellant argues that in this case the evidence relating to appellant's alcoholism should have been admitted and the matter submitted to the jury. Some of the excluded testimony indicated that an alcoholic does not always act of his own free will when drinking.

*Hanks* is not on point in that the appellant there knew that some character of intoxicant had been put in his drink. In *Torres,* the testimony was that a depressant had been placed in the appellant's drink without her knowledge.

■ This Court has not been shown, nor have we discovered, a Texas decision determining whether or not "alcoholism" is considered an involuntary state of intoxication. Most out-of-state authority holds that it does not. *State v. Johnson,* 327 N.W.2d 580 (Minn.1982); *Ford v. State,* 164 Ga.App. 620, 298 S.E.2d 327 (Ga.App.1982); *State v. Lilley,* 231 Kan. 694, 647 P.2d 1323 (Kan. 1982); *State v. Palacio,* 221 Kan. 394, 559 P.2d 804 (Kan.1977); *People v. Morrow,* 268 Cal.App.2d 939, 74 Cal.Rptr. 551 (Cal.App. 1969); *State v. Crayton,* 354 S.W.2d 834 (Mo.1962); see also 12 St. Mary's L.J. 232, 237 (1980). *But see, State ex rel. Harper v. Zegeer,* 296 S.E.2d 873 (W.Va.1982); *Staples v. State,* 74 Wis.2d 13, 245 N.W.2d 679 (Wis.1976). The involuntary intoxication defense is limited to (1) the defendant's unawareness of what the intoxicating substance is; (2) force or duress; or (3) medically prescribed drugs taken according to prescription. 12 St. Mary's L.J. 232 (1980). We are of the opinion that alcoholism may not be the basis for the defense of involuntary intoxication. Accordingly, the district court did not err in excluding the tendered evidence at the guilt-or-innocence level of the trial.

Appellant's other ground of error claims that the tendered evidence, summarized above, was admissible at the punishment phase of the trial. Texas Pen.Code Ann. § 8.04(b) (1974) allows evidence of temporary insanity caused by intoxication to be admitted into evidence in mitigation of punishment. A review of the evidence tendered, but not admitted, shows at least some evidence bearing upon appellant's inability to discern right from wrong due to intoxication. Tex.Pen.Code Ann. § 8.01(a) (1974). In response to a hypothetical question, Dr. Proden testified that one in appellant's condition might not have been aware that he was stealing the van. Vinson was "almost positive" that such a person would not appreciate the consequences of taking a vehicle which did not belong to him. Finally, Dr. Marler was of the view that appellant, in an intoxicated state, was not able to conform his behavior to the requirements of the law.

■ In *Perez v. State,* 146 Tex.Cr.R. 241, 172 S.W.2d 314 (Tex.Cr.App.1943), the trial court in an aggravated-assault case refused to instruct the jury on the issue of temporary insanity produced by the "recent use of ardent spirits." The evidence in support of the charge was the testimony of the defendant's wife who stated defendant was addicted to the use of intoxicating liquor; that defendant was drunk when she saw him; that he drank more beer; and that she and defendant had "a little argument." On cross-examination, defendant's wife testified that defendant's drinking interfered with his ability to tell right from wrong and that she thought defendant's "mentality" was affected by his drinking. The Court of Criminal Appeals held that the summarized evidence raised the issue of temporary insanity by reason of voluntary intoxication. *Cf. St. Pe v. State,* 495 S.W.2d 224 (Tex.Cr. App.1973). This Court is of the opinion that the tendered evidence raises the issue of temporary insanity by reason of intoxication and should have been admitted by way of mitigation of punishment. Tex.Pen.Code Ann. § 8.04(b) (1974).

The judgment of conviction is reversed and the cause is remanded for new trial since the jury determined guilt-innocence and punishment.