Ignacio Garcia ANDRADE, Jr., Appellant,

v.

STATE of Texas, Appellee.

No. 13–83–090–CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 8, 1983.

Rehearing Denied Dec. 29, 1983.

Joseph A. Connors, III, McAllen, for appellant.

Rene A. Guerra, Dist. Atty., Edinburg, for appellee.

Before UTTER, KENNEDY and GONZALEZ, JJ.

## OPINION

UTTER, Justice.

This is an appeal from a conviction by the trial court, without a jury, of the Class B misdemeanor offense of possession of a useable amount of marihuana, under two ounces, pursuant to TEX.REV.CIV.STAT.ANN. art. 4476–15, Section 4.051(a)(b)(1) (Vernon Supp.1981).[1] The issues presented in this case are: (1) whether the jurat upon which the complaint was based was defective, and (2) whether the evidence was sufficient to support the conviction. We affirm.

The undisputed facts in this case are as follows: Two police officers came upon the scene of an automobile accident, stopped to check into the circumstances of the accident, and, at that time, observed marihuana on the person of the appellant, the driver of the automobile. More specifically, the police officers observed, in plain view, a marihuana cigarette resting on top of appellant's ear where a person might normally rest a pencil. Appellant claims that he knew nothing of the marihuana cigarette until one of the two police officers showed it to him.

In his first ground of error, appellant asserts that the trial court erred in failing to grant appellant's Motion to Quash the complaint because a defective jurat made the complaint fatally defective. In his fourth ground of error, appellant asserts that the trial court committed error in failing to grant appellant's Motion To Set Aside and Dismiss For State's Violation of the Speedy Trial Act because the State could not have been "ready" since the defective jurat rendered the complaint defective.

The jurat on the complaint reads, in pertinent part, as follows: "Sworn to subscribed before me on 7–16–82." In essence, appellant argues that, since the complaint alleges and the evidence shows the offense occurred "on or about June 18, 1982," the complaint is void since it was sworn to in the year 82 (or approximately nineteen hundred years before the date of the alleged offense).

All well-defined and well-understood abbreviations may be used in an indictment without rendering it defective. *Purdy v. State,* 50 Tex.Cr.R. 318, 97 S.W. 480 (1906); *Earl v. State,* 33 Tex.Cr.R. 570, 28 S.W. 469 (1894); *Molton v. State,* 16 S.W. 423 (Tex.App.1891); *Wolfe v. State,* 25 Tex.App. 698, 9 S.W. 44 (1888). The same should be true for jurats and complaints. The date as shown on the jurat is a well-understood and often-used abbreviation. The

1. In *Ex Parte Crisp,* et al., and *Ex Parte Carter* 661 S.W.2d 944 (Tex.Cr.App.1983), which was handed down on September 14, 1983, the Texas Court of Criminal Appeals held the 1981 amendments to the Texas Controlled Substances Act, TEX.REV.CIV.STAT.ANN. art. 4476–15 (Vernon Supp.1982–1983), including the addition of § 4.051, to be unconstitutional. The 1981 amendment of § 4.05 and § 4.051 only sought to change the form, and not the substance, of the pre-existing § 4.05. The court, also, held that the Texas Controlled Substances Act stands as though the 1981 amendments had never been enacted; therefore, in the instant case, the appellant, having been indicted for the Class B misdemeanor of possession of marihuana, under two ounces, which was alleged to have occurred on June 13, 1982, after the effective date of the 1981 amendments, was prosecuted under TEX.REV.CIV. STAT.ANN. art. 4476–15, § 4.05 (Vernon Supp. 1979).

date, as shown on the jurat, is known with much certainty as if the prefix "19" had been used since the use of hyphens in writing a date is a common manner of expressing the date. *See Wolfe* at p. 44. An offense should be charged in plain and intelligible words for such certainty as to enable the accused to know what he will be called upon to defend against and to enable him to plead the judgment that maybe given on it in bar of any further prosecution for the same offense. *Gaines v. State,* 501 S.W.2d 315 (Tex.Cr.App.1973). We hold that both the jurat and the complaint, including the abbreviated date, which were the basis for the information in the instant case, adequately meet the above test. We further hold that the jurat, complaint and information were valid and timely filed and that the State could validly announce "ready" when it did within the 90 day period provided by the Speedy Trial Act, TEX. CODE CRIM.PROC.ANN. art. 32A.02, (Vernon Supp.1982–83). No error is present. Appellant's first and fourth grounds of error are hereby overruled.

In his second ground of error, appellant alleges that there is insufficient evidence to support appellant's conviction because the State failed to prove that appellant knowingly possessed the marihuana as charged in the information. When the theory of prosecution is sole or joint possession, the evidence must affirmatively link the accused to the contraband in such a manner and to such an extent that a reasonable inference may arise that the accused knew of the contrabands existence and of its whereabouts. *Waldon v. State,* 579 S.W.2d 499 (Tex.Cr.App.1979).

In the instant case, appellant was arrested for possession of marihuana by two police officers who appellant flagged down to help him get his car out of a ditch. On direct examination, Officer Rolando Rodriguez testified that, as he was talking to the appellant, he "noticed a joint, a cigarette joint on his (appellant's) right ear." Officer Rodriguez further testified that appellant, at the scene of the accident, claimed to not have had any prior knowledge of the marihuana cigarette. Although when he took the stand he continued to disclaim knowledge of the marihuana cigarette, appellant by his own testimony admitted that he had previously been convicted for possession of marihuana, that he knew what marihuana was, and that the cigarette for which he was arrested looked like it was marihuana.

The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony and may accept or reject all or any part of any witness's testimony. *Hernandez v. State,* 538 S.W.2d 127 (Tex.Cr.App.1976). By its verdict, the court, as the trier of fact, apparently chose to disbelieve appellant's claim of knowledge and, further, inferred knowledge on the part of appellant from all the facts and circumstances surrounding the case. The evidence is sufficient to support the judgment. Appellant's second ground of error is overruled.

In his third ground of error, appellant asserts that there is insufficient evidence to support appellant's conviction because there is no evidence of the amount of marihuana possessed was a "useable quantity". In the instant case, the parties stipulated to a chemist's testimony by way of State's Exhibit No. 1 which showed that the evidence submitted to the chemist for his analysis consisted of one hand rolled marihuana cigarette with a net weight of 0.38 grams or 0.01 ounces. As counsel for the State concedes in his brief, there was no direct testimony offered at trial that this amount was a "useable quantity; but, this Court may take judicial notice that a certain amount of marihuana is a "useable quantity." *Cooper v. State,* 648 S.W.2d 315 (Tex.Cr.App.1983). To constitute an unlawful act of possessing marihuana, there must be possessed an amount sufficient to be applied to the use commonly made thereof which is to smoke it in cigarettes. *Pelham v. State,* 164 Tex.Cr.R. 226, 298 S.W.2d 171 (Tex.Cr.App.1957). The amount of marihuana involved here, 0.38 grams, was already in "cigarette" form, the use commonly made thereof, and was sufficient to establish that it was a "useable quantity" of

marihuana, even in the absence of any direct testimony. *See Mitchell v. State,* 482 S.W.2d 223 (Tex.Cr.App.1972) (.00074 grams of marihuana); *Buntion v. State,* 476 S.W.2d 317 (Tex.Cr.App.1972) (a tenth of a gram of marihuana); and *Tuttle v. State,* 410 S.W.2d 780 (Tex.Cr.App.1966) (63 milligrams). The evidence is, therefore, sufficient to establish that appellant possessed a "useable quantity" of marihuana. Appellant's third ground of error is overruled.

Judgment of the trial court is AFFIRMED.