Carolyn Gay PROPHET, Appellant,

v.

The STATE of Texas, Appellee.

No. 13-90-296-CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 29, 1991.

Rehearing Overruled Oct. 10, 1991.

Manuel Marroquin, Corpus Christi, for appellant.

Thomas L. Bridges, Dist. Attys. Office, Sinton, for appellee.

Before NYE, C.J., and HINOJOSA and DORSEY, JJ.

## OPINION

HINOJOSA, Justice.

A jury found appellant guilty of possessing less than 28 grams of a controlled substance, methamphetamine. By three

points of error, she attacks the sufficiency of the evidence on the element of possession, the evidence that the substance was methamphetamine, and the admission of evidence obtained pursuant to a search she alleges was incident to an illegal arrest. We affirm the trial court's judgment.

■ By point three, appellant contends that the trial court erred in admitting evidence obtained by a search that she avers was invalid because it was a result of an illegal arrest. Appellant claims the combination search and arrest warrant only authorized her arrest at the suspected place. She also claims that the warrant did not comply with Tex.Code Crim.Proc.Ann. art. 18.01(b) (Vernon Supp.1991), and that the arresting officer did not know or tell her the reason for her arrest when he stopped her.[1]

The record shows that on November 21, 1989, Officer Stan Bynum swore out an affidavit for an arrest and search warrant, which Judge John D. Wendell issued. Later that day, Bynum and other officers arrested appellant and then searched the trailer which was her residence.

Officers Zapata and Wells stopped appellant on a road about a mile from her trailer home, after Bynum called them on the radio and asked them to stop her. They took her back to the trailer, where searches of the trailer and her person revealed numerous packages of methamphetamine.

■ An officer may arrest a suspect based on radio communication. Officer Bynum had an arrest warrant when he broadcast his instructions over the police radio. The broadcast authorized appellant's arrest. *See Crane v. State,* 786 S.W.2d 338, 346 (Tex.Crim.App.1990); *Myre v. State,* 545 S.W.2d 820, 826 (Tex.Crim.App.1977).

■ Authority to arrest under an arrest warrant incorporated in a search warrant is not limited to the premises described in the search warrant. *Pecina v. State,* 516 S.W.2d 401, 403 (Tex.Crim.App.1974). In

*Larocca v. State,* 479 S.W.2d 669, 670 (Tex. Crim.App.1972), officers went to the defendant's work and asked him to accompany them to his apartment when they executed a search warrant with an arrest warrant attached. Thus, under the combination warrant, the officer could legally arrest appellant and take her to the site of the search.

Appellant also questions whether the magistrate, County Judge John D. Wendell, had a sworn complaint before him before issuing the combination warrant. We have examined the warrants and attached affidavit, as well the Judge Wendell's testimony. Judge Wendell testified that after Bynum swore to the contents of the affidavit, the judge accidentally began to sign it in the wrong place, without waiting for Bynum to sign, and then whited it out. Then Bynum signed, and the judge signed. Moreover, the affidavit recites sufficient facts to constitute probable cause for both the search and the arrest. We overrule point three.

By point one, appellant denies that the evidence shows that she knowingly possessed the drug as alleged in the indictment. She points out that two men were at the trailer when it was searched and contests that the evidence affirmatively links her to the contraband.

■ When reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or the judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State,* 769 S.W.2d 234, 239 (Tex.Crim. App.1989).

■ To prove unlawful possession of a controlled substance, the State must show that the accused exercised care, control, and management over the contraband and knew the substance was contraband. *Cude v. State,* 716 S.W.2d 46, 47 (Tex.Crim. App.1986); *Arguijo v. State,* 738 S.W.2d 367, 369–70 (Tex.App.—Corpus Christi

---

1. By combining more than one legal theory in a single point, appellant risks rejection because the point is multifarious and presents nothing for review. *Rivera v. State,* 808 S.W.2d 80, 95

(Tex.Crim.App.1991); *Thomas v. State,* 723 S.W.2d 696, 698 n. 2 (Tex.Crim.App.1986); *Green v. State,* 745 S.W.2d 477, 479 (Tex.App.— Corpus Christi 1988, pet. ref'd).

1987, no pet.). If the accused does not exclusively possess the place where the substance is found, the State must affirmatively link the accused to the contraband. *Johnson v. State,* 658 S.W.2d 623, 627 (Tex. Crim.App.1983); *Andrade v. State,* 662 S.W.2d 446, 449 (Tex.App.—Corpus Christi 1983, pet. ref'd).

Officer Betty Wells testified that she strip-searched appellant in the bathroom of the trailer and found three packages of the drug in appellant's right front pants pocket. Officer Bynum testified that no drugs were found on the persons of the two men at the trailer. Moreover, the drugs in appellant's pocket were an affirmative link to the similar packages of drugs found in the trailer, which was her residence. Officers found plastic baggies containing methamphetamine or its residue in a cigarette case on the headboard of appellant's bed, in a jar in her bedroom closet, and in her jewelry box. Bynum testified that in the trailer, he found a triple beam balance scale, paraphernalia, a counterbalance gram scale, devices to measure methamphetamine, plastic, and a white crystalline powder commonly used to cut pure methamphetamine. The evidence is sufficient to support a finding that it was appellant who possessed the drugs. We overrule point one.

By point two, appellant contests the proof that the substance was methamphetamine. She admits that on direct examination, D.P.S. Chemist James Waller testified that the samples police submitted for analysis, which were admitted into evidence, all contained methamphetamine. She argues that since he did not perform any quantitative or percentage analysis, the State failed to prove that the powder was methamphetamine.

Waller testified that the baggies did test positively for methamphetamine, including State's Exhibit No. 15, the packets found in appellant's pocket. They contained a usable amount of methamphetamine. Because appellant was charged with possession of a drug with no minimum amount, the proof was adequate. We overrule point two.

We affirm the trial court's judgment.