**Robert E. SPRIGGS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 13–92–667–CR.**

Court of Appeals of Texas,
Corpus Christi.

June 9, 1994.

Joseph E. Garcia, III, Portland, for appellant.

Thomas L. Bridges, Anita O'Rourke, Dist. Atty's. Office, Sinton, for appellee.

Before KENNEDY, GILBERTO HINOJOSA, and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury found appellant Robert Spriggs guilty of aggravated assault of a peace officer. The trial court sentenced Spriggs to seven years' confinement in the penitentiary, probated for seven years, and assessed a $1,000 fine plus restitution. By three points of error appellant complains that the evidence was insufficient to support his conviction and that he was denied effective assistance of counsel. We affirm.

On July 2, 1992, Officer Terri Gunter and her partner were on patrol when they observed that a pick-up truck, driven by Spriggs, was having difficulty staying in one lane. Spriggs drove through an intersection with four-way stops without stopping at the stop sign. Gunter decided to pull the vehicle over and turned her siren and lights on to indicate her intention. Spriggs continued on for about eleven blocks before pulling into his driveway to stop. While waiting for Spriggs to produce his driver's license and proof of insurance, Gunter detected a strong odor of alcohol. She testified that Spriggs stumbled getting out of the car and had to lean against the truck while he talked to her because he had problems standing up. Gunter noticed that Spriggs' speech was slurred and his eyes were bloodshot and glassy. Determining that Spriggs was intoxicated, Gunter placed Spriggs under arrest for driving while intoxicated.

Spriggs became hostile and started to struggle when the two officers tried to handcuff him. Three other officers were needed to handcuff Spriggs and get him into the patrol car. Upon arrival at the police station, Spriggs refused to exit from the car and lay down on the back seat. He kicked the officers when they forcibly removed him from the car. In the videotaping room, Spriggs used his shoulder to ram one of the officers into the wall. Because of his combative behavior, the officers did not remove Spriggs' handcuffs. As Gunter stood in front of Spriggs reciting the necessary information to him, he kicked her in the groin area and she went down. Spriggs' belligerence and the assault were recorded on videotape since they were in the room to conduct a standard DWI videotaping. The jury viewed the tape at trial and it was admitted as evidence. Spriggs was charged with aggravated assault and driving while intoxicated.

At the aggravated assault trial, Gunter recounted the events leading up to and concluding with the assault. Lucille Spriggs, appellant's wife, witnessed the arrest when she came out of the house and also testified regarding his intoxication.

Q: Okay. Was he pretty drunk?

A: Oh.

Q: Pretty awful?

A: It took him awhile to get out of the truck. He just sat there like—she kept telling him to get out. He finally got out and started walking. She asked him if he had been drinking and just shook his head. He never said anything until they started cuffing him. Then he started hollering and screaming.

Lucille further testified that appellant had been taking prescribed medication every day for back pain. She gave him the medication because he sometimes took too much. Spriggs was warned that a reaction occurs when the medication is mixed with alcohol. Lucille testified that Spriggs is "not a stranger to drinking" and had on occasion mixed alcohol with his medication.

Q: Okay. This was not the first time that Robert had mixed alcohol with medication, is it?

A: No. I don't think so. No. He's mixed it before, but he just hasn't drank that much.

The jury charge included the elements constituting aggravated assault upon a peace officer, a definition of intoxication, and the instruction that voluntary intoxication is not a defense to the commission of a crime. Appellant's trial counsel did not request nor did the judge instruct the jury as to an involuntary intoxication defense. Spriggs' trial counsel made no objections to the jury charge.

In his closing argument, Spriggs' trial counsel stated that there is "[n]o question about intoxication. We told you he was in-

toxicated." Counsel further stated that it is unknown whether Spriggs "was intoxicated from taking medication or a combination of medication and some other alcoholic beverage. That's not the question. The real question gets down to what the law defines to you as 'knowingly and intentionally.' "

■ The jury found Spriggs guilty of aggravated assault. By points one and two, appellant challenges the sufficiency of the evidence to support the conviction and asserts that his involuntary intoxication prevented him from forming the requisite intent to commit an aggravated assault.

■ The standard of review for a sufficiency challenge is whether after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Geesa v. State,* 820 S.W.2d 154, 156–57 (Tex.Crim.App.1991); *Prophet v. State,* 815 S.W.2d 836, 837 (Tex. App.—Corpus Christi 1991, no pet.). The jury resolves any conflict in the evidence. The trier of fact is the sole judge of the weight and credibility of witnesses and may believe or disbelieve all or any part of the testimony of any witness. *Adelman v. State,* 828 S.W.2d 418, 421 (Tex.Crim.App.1992); *Williams v. State,* 692 S.W.2d 671, 676 (Tex. Crim.App.1984).

■ A person commits an offense of aggravated assault when he knowingly or intentionally causes bodily injury to a peace officer who is in the lawful discharge of an official duty and the person knows or has been informed that the person assaulted is a peace officer. Tex.Penal Code Ann. § 22.-02(a)(2)(A) (Vernon Supp.1994).

Voluntary intoxication is not a defense to the commission of a crime. Tex.Penal Code Ann. § 8.04(a) (Vernon 1974). However, involuntary intoxication is a defense to criminal culpability when one shows that:

(1) the accused exercised no independent judgment or volition in taking the intoxicant; and

(2) as a result of his intoxication the accused did not know that his conduct was wrong or was incapable of conforming his conduct to the requirements of the law he allegedly violated.

*Shurbet v. State,* 652 S.W.2d 425, 427 (Tex. App.—Austin 1982, no pet.) (citing *Torres v. State,* 585 S.W.2d 746, 749 (Tex.Crim.App. 1979)). The applicability of the defense is limited to situations in which the defendant (1) is unaware of what the intoxicating substance is, (2) is subject to force or duress, or (3) is taking medication according to prescription. *Id.* at 428. The fact finder determines the question of the voluntariness of the intoxication. *Id.* at 427.

The only disputed element of the offense charged was Spriggs' intent or knowledge. The jury received the following instructions regarding this element:

A person acts intentionally, or with intent, with respect to the nature of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result.

A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

The jury viewed the videotape and was free to believe that Spriggs knew that kicking Gunter would cause her bodily injury. The jury also heard testimony regarding Spriggs' combativeness when the officers tried to restrain and arrest him. The evidence indicates that it was Spriggs' conscious objective to engage in such conduct to avoid being taken into custody. The assault upon Gunter was a culmination of the events that started with the scuffle in Spriggs' driveway when the police tried to handcuff him.

Appellant argues that he lacked the necessary intent to commit the offense because his ingestion of prescription drugs caused him to become involuntarily intoxicated. Appellant neither submitted written instructions regarding the defense to the judge nor did he object to the omission of such instructions from the jury charge pursuant to Tex.Code Crim.Proc.Ann. arts. 36.14 & 36.15 (Vernon

Supp.1994). Appellant therefore failed to preserve error.

If no proper objection as required by article 36.14 was made at trial, we will reverse only if it appears from the record that the jury charge error created such harm as to deprive the appellant of a fair and impartial trial. TEX.CODE CRIM.PROC.ANN. art. 36.19 (Vernon Supp.1994). After reviewing the evidence, we hold that appellant had not sufficiently raised the defense of involuntary intoxication. The evidence does not indicate that Spriggs did not take the intoxicant of his own volition, that he did not know that his conduct was wrong, or that he was incapable of conforming his conduct to the requirements of the law he violated. Moreover, Spriggs was certainly aware of the medication he was taking since he took it daily and yet he failed to take it according to prescription since, as the evidence indicates, he mixed it with alcohol. Therefore, the .evidence sufficiently supports the conviction and appellant's points one and two are overruled.

■ By point three, appellant complains he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Texas Constitution. Specifically, Spriggs asserts that trial counsel failed to object to the omission of an involuntary intoxication instruction in the jury charge and to the prosecutor's comment at closing argument that "being intoxicated does not excuse having committed beyond a reasonable doubt each of these elements."

■ In reviewing the adequacy of representation, we apply the standard set out in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984), and adopted by Texas in *Hernandez v. State*, 726 S.W.2d 53, 57 (Tex.Crim.App.1986). *See also Vasquez v. State*, 830 S.W.2d 948, 949 (Tex.Crim.App.1992). We must decide whether counsel's performance failed to meet an objective standard of reasonableness under prevailing professional norms and whether that failure deprived appellant of a fair trial. *Id.* Appellant must show that, but for counsel's errors, there is a reasonable proba-

bility that the result of the trial would have been different. *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. The representation need not be error-free. *Vasquez v. State*, 819 S.W.2d 932, 938 (Tex.App.—Corpus Christi 1991, pet. ref'd). Because of the difficulty in evaluating counsel's performance and strategic choices in hindsight, counsel is strongly presumed to have rendered adequate assistance. *Ex parte Zepeda*, 819 S.W.2d 874, 876 (Tex.Crim.App.1991) (per curiam).

Appellant's trial counsel's argument throughout the trial was that Gunter was somehow partly responsible for getting kicked. In his opening statement, counsel stated that Gunter "in effect, ask[ed] for it." At trial, counsel suggested that Gunter got kicked because she was not more prepared or alert to the possibility of the kick since Spriggs was thrashing about and kicking other officers. Again, in his closing argument, counsel stated that Gunter should not have been surprised by the kick because of Spriggs' behavior and suggesting that she could have avoided the kick if she had been more vigilant.

Counsel did elicit testimony at trial that Spriggs was taking medication for back pain. However, he never fully established the defense of involuntary intoxication. The evidence did not show that Spriggs was intoxicated as a result of the medication. Lucille testified that she would give Spriggs the medication because he tended to take too much. The jury could conclude from this that he took the correct dosage and therefore was not intoxicated by the drugs. What the evidence does show is that Spriggs mixed alcohol with his medication. The jury could also conclude that Spriggs voluntarily became intoxicated by consuming alcohol. Spriggs' counsel conceded that Spriggs was clearly intoxicated but that the source of his intoxication, be it alcohol or medication, was unknown. Because much of the evidence shows intoxication by alcohol, perhaps counsel made the strategic decision not to pursue an involuntary intoxication defense and therefore opted not to object to the jury

charge or to prosecutor's comment. Moreover, as we discussed in point two, the evidence does not rise to the level of an involuntary intoxication defense. We find that trial counsel's representation did not change the result of the trial and that his failure to submit an involuntary intoxication instruction did not undermine the confidence in the outcome. We overrule point three.

The judgment of the trial court is affirmed.